## ALEXANDER and another vs. BURNHAM.

Courts will take judicial notice of the appointment or election of sheriffs, as well as other executive and administrative officers, and will treat them as being officers *de facto* when the validity of their acts are called in question in a collateral manner.

Whether in an action to recover possession of personal property, where the answer alleges that at the time of their seizure the defendant was sheriff and seized the goods in dispute, under a writ of attachment, as the property of the attachment debtor, the court will take judicial notice as to whether the defendant was sheriff at the time mentioned, it was not necessary to determine in this case.

But where the official character of the defendant at the time of such seizure was not called in question by the plaintiff before the case was submitted to the jury, but was admitted by him in several papers filed in the action: *Held,* that proof of such official character was not necessary.

APPEAL from the Circuit Court for *Jefferson* County.

The case is stated in the opinion of the court. Judgment for the plaintiff; from which the defendant appealed.

*Enos & Hall,* for appellant.

*Carey & Pratt,* for respondent.    [No brief on file.]

*By the Court,* COLE, J.    This was an action to recover the possession of certain lumber alleged to be the property of the respondents—plaintiffs below—and taken from their possession by the defendant. The defendant, in his answer, denied that the lumber was the property of the plaintiffs, and stated in effect that he, as sheriff of Fond du Lac county, seized the same as the property of one Arthur, by virtue of two writs of attachment against said Arthur.

It appears from the record that after the jury had retired, they returned into court and asked a further instruction as follows : " If there is no proof that this defendant was sheriff " of Fond du Lac county at the time of taking the lumber, "outside of the record in the attachment suits which have " been given in evidence, is the fact that his name appears in "said record and returns to the writs of attachment as sheriff, " sufficient evidence from which the jury can find that at that " time he was such sheriff ?"    In reply the court stated " that such writs of attachment and returns thereon alone would not be sufficient evidence that he was such sheriff at that time." The defendant excepted to this instruction, and asked the court to instruct the jury that the writs of attachment and the returns thereon were *prima facie* evidence that the defendant

was sheriff of Fond du Lac county at the time the lumber was taken by him. This the court refused to give to the jury. The jury found for the plaintiffs, but upon what ground it is of course impossible to determine. They might have believed from the testimony that the lumber was the property of the plaintiffs, and wrongfully taken from their possession by the sheriff by virtue of the attachment suits against Arthur; or they might have concluded, under the instructions, that further proof was necessary to show that the defendant exercised the office and acted as sheriff in seizing the property. From the manner the question was raised upon the trial, it is more than probable that the latter supposition is the correct one, and that the jury did not feel warranted in assuming that the defendant was sheriff of Fond du Lac county and acted as such in seizing the lumber on the writs of attachment. If so, the instruction of the court was doubtless calculated to prejudice the defendant, and being erroneous, as we think it is, must reverse the judgment.

It is a well settled principle of law, that courts will take judicial notice of the appointment or election of marshals and sheriffs, as well as other executive and administrative officers, and will treat them as being officers *de facto* when the validity of their acts is called in question in a collateral manner. 1 Greenl. Ev., § 6; 21 Ill., 215; 5 Wis., 313; 1 Head, 40; 12 Ind., 330. In a *quo warranto*, of course, the right to the office itself is the point in controversy. There the court presumes nothing, and the right is determined by proof like any other question of fact. But in other matters and for some purposes courts will certainly take judicial notice of the official character of a sheriff, and do not require any proof of his appointment or election. Whether this rule properly extends to a case like the present, where the person assuming to be sheriff is a party to the record, and his authority to seize property upon legal process as such is called in question, we shall not stop to determine. For it appears here that the plaintiffs all the

way through recognized the official character of the defendant, and therefore obviated the necessity for proof upon that point, if it otherwise would have been required. Thus, in the affidavit for the writ in this case, the plaintiff *E. Alexander* states that the property in controversy "is held by the said *Andrews Burnham, Jr.*, as sheriff of the county of Fond du Lac, by virtue of two attachments, &c." against Ralph Arthur. And in a petition for a change of venue, the same plaintiff states that "the defendant being at the time of such seizure sheriff of the county of Fond du Lac, and acting as such sheriff in the seizure of said property—said defendant has an undue influence over the minds of the inhabitants of said county where the action is pending," &c. Besides, it appears that the complaint was served by the coroner, and a bond for the possession of the property likewise ran to that officer. After the plaintiffs had thus recognized the official character of the defendant—had stated in a petition and affidavit that he was sheriff—it certainly was not necessary to produce any proof to show that he was sheriff at the time of taking the lumber. This surely could not be required in view of the solemn admission and statements of the plaintiffs upon the record. Besides, it does not appear that the official character of the sheriff was called in question until the case was submitted to the jury. Then it seems that point was first raised. Under the admissions of the plaintiffs, the jury should have been told that they might assume that the defendant was sheriff at the time he seized the lumber upon the attachments.

The judgment of the circuit court is therefore reversed, and a new trial ordered.