C. R. BELL, Treasurer of Jackson County, Iowa, Appellant, v. WILLIAM M. STEVENS AND LESLIE C. WATSON, Administrators, Appellees.

Taxes Withheld: DEMAND: *Notice.* Code, section 1374, enacts that, when property subject to taxation is for any cause not

listed or assessed, the county treasurer shall demand of the person to whom it shall have been assessed the amount it should have been taxed, and on failure to pay within 30 days an action shall be brought in the name of the treasurer. An action under Code, section 1374, was commenced by service of original notice, stating that a petition would be filed for the recovery of taxes so withheld, the notice being in form and signed "H. M. T., Treasurer." More than 30 days thereafter another action was commenced for the same cause, and defendant contended that no sufficient demand had been made, in that "H. M. T., Treasurer," was not equivalent to "H. M. T., Treasurer of Jackson County," and that the original notice was not a sufficient demand. *Held*, that the notice was sufficient and was a demand.

LIMITATION OF ACTIONS  Where the assessor had by law until April 1, 1895, for the completion of his lists for 1895, an action commenced March, 1900, under Code, section 1374, to recover taxes on property withheld from assessment for 1895, was not barred by 5-year limitations.

Review on Appeal:  WAIVER BY NON-ARGUMENT:  *One ground for demurrer.* Where one of the grounds of a demurrer is not urged in argument on appeal it may be regarded as waived.

*Appeal from Jackson District Court.*—HON. A. J. HOUSE, Judge.

SATURDAY, APRIL 12, 1902.

ACTION at law under the provisions of Code, section 1374, to recover a sum alleged to be due for taxes upon property withheld from assessment. From the judgment of the district court sustaining a demurrer to the petition, the plaintiff appeals.—*Reversed.*

*C. M. Thomas* for appellant.

*L. A. Ellis* and *C. W. Gregory* for appellees.

WEAVER, J.—The petition, filed March 15, 1900, alleges that plaintiff is, and since the first of January preceding has been, the duly qualified and acting treasurer of Jackson county; that in the year 1895 one Mott Watson of that county willfully and fraudulently concealed and did not list

for taxation certain moneys and credits, to the amount of $86,000; that Watson has since died, and defendants are the administrators of his estate; that the amount of tax which should have been paid upon said property is $3,-487.30, besides interest and penalties; that on the twenty-third day of December, 1899, notice was served on defendants, demanding of them the payment of said taxes and interest, and that defendants refuse to pay the same. Attached to the petition as an exhibit is a copy of the notice or demand alleged to have been served on the defendants. Defendants' demurrer to the petition states the following special grounds thereof: (1) That the notice or demand mentioned in the petition is an original notice of the commencement of an action by another party not a party to this suit, and therefore this action is prematurely brought; (2) that more than five years have elapsed since the assessment should have been made for the taxes sought to be recovered, and plaintiff's right of action is barred; (3) that the statute under which the action is brought was enacted since 1895, and is not retroactive. This demurrer having been sustained generally, we proceed to the consideration of the several questions thereby presented.

I. As to the sufficiency of the demand for the payment of the taxes before the action was brought. Section 1374 of the Code provides: "When property subject to taxation is withheld, overlooked or for any other cause is not listed and assessed the county treasurer shall * * * demand of the person * * * by whom it should have been assessed, or of the administrator thereof, the amount the property should have been taxed * * * and upon failure to pay such sum within thirty days with accrued interest he shall cause an action to be brought in the name of the treasurer for the use of the proper county." The notice or demand, a copy of which is made an exhibit to plaintiff's petition, is in form and substance an original notice by H. M. Tracy, treasurer, plaintiff, directed to the de-

fendants herein, under date of December 25, 1899, inform-
ing them that on or before January 5, 1900, said plaintiff
would file a petition in the office of the clerk of the district
court of Jackson county, claiming of said defendants the
sum of $3,487, as justly due from them, by reason of the
act of their intestate in fraudulently concealing and with-
holding from assessment for taxation for the year 1895
moneys and credits to the amount of $86,000, and requiring
defendants to appear and defend, otherwise their default
would be entered, etc.   The notice bears the indorsement of
the sheriff certifying personal service made upon defendants
December 23, 1899.   The point made by the defendants is
that this notice is not a "demand," within the contemplation
of the statute above quoted, because (1) the name "H. M.
Tracy, Treasurer," is not equivalent to "H. M. Tracy,
Treasurer of Jackson County, Iowa," and (2) the writing
so served upon the defendants is not a demand for the pay-
ment of taxes, but a notice of the commencement of an action
to recover judgment.   We think these objections cannot pre-
vail.   As we have already seen, the statute makes it the duty
of the county treasurer to demand of the proper person the
amount which should have been taxed against the omitted
property, and, if not paid within 30 days, to bring suit there-
for, but does not prescribe the form of such demand, or state
whether it shall be in writing or otherwise.   Its essential
purpose is to inform the person against whom it is asserted
of the basis of the claim made against him and of the amount
thereof, and give him an opportunity to pay without litiga-
tion; and, while it is, doubtless, the better practice to make
such demand by a formal writing, duly served, we do not
feel at liberty to say that a notice or demand of less formal
character, which accomplishes that essential purpose, is le-
gally insufficient, because not stated with the most exact pre-
cision.   It would be the merest affectation to say that when
served with this writing the defendants did not instantly
know and fully understand that the county treasurer of Jack-

son county made a claim that their intestate, Mott Watson, concealed and withheld $86,000 worth of moneys and credits from assessment for the year 1895, and that said officer demanded at their hands, as the administrators of said Watson, the sum of $3,487, in payment of the taxes upon the property thus omitted. Moreover, the fact that H. M. Tracy was treasurer of Jackson county at the date mentioned, and that it was his duty to demand and collect such taxes, are matters of which the court will take judicial notice. *Hertig v. People*, 159 Ill. 237 (42 N. E. Rep. 879, 50 Am. St. Rep. 162); *Ede v. Johnson*, 15 Cal. 53; *Webb v. Kelsey*, 66 Ark. 180 (49 S. W. Rep. 819); *Stoddard v. Sloan*, 65 Iowa, 680; *Thompson v. Haskell*, 21 Ill. 215 (74 Am. Dec. 98); *Alexander v. Burnham*, 18 Wis. 199; *Fox v. Com.*, 81 Pa. 511; *Sandlin v. Anderson*, 76 Ala. 403; *Dennison v. Story*, 1 Or. 272; *Brackett v. People*, 115 Ill. 29 (3 N. E. Rep. 723). And facts of which the courts take judicial notice are such as every citizen is presumed to know. *Engraving Co. v. Hoke* (C. C.) 30 Fed. Rep. 444. Failure of officer to use proper official title does not render proceedings void, and the defect may be cured by amendment. The defect cannot be taken advantage of in a collateral action. *Barber v. Smith*, 41 Mich. 138 (1 N. W. Rep. 992); *Berrien County Treasurer v. Bunbury*, 45 Mich. 79 (7 N. W. Rep. 704); *Agent of State Prison v. Rikemam*, 1 Denio, 279.

The fact that the writing upon which appellant relies as a demand was an original notice in another action for the enforcement of the same claim we do not regard a sufficient reason why we should refuse to treat it as a demand, within the meaning of the law of the present case. It is evident from the record that in December, prior to the commencement of this action, the then treasurer of Jackson county served upon the defendants an original notice of an action against them for the January term of the district court to enforce the recovery of this tax. What became of that ac-

tion, whether it was dismissed or withdrawn or tried or is still pending is not expressly disclosed; but from the fact that this action has since been brought upon the same subject-matter, against the same defendants, and there is no plea of former adjudications, we may presume that it has been disposed of in some manner not affecting the merits.

The service of an original notice instituting an action for a money judgment is a demand of payment in the highest sense of the word. Where, however, the statute makes a preliminary demand essential to the maintenance of such action, the original notice is not enough to allow recovery in that proceeding. The most casual reading of the statutory provision under consideration shows us that an action by the treasurer cannot properly be instituted until 30 days after a demand has been made for payment. If, however, he does commence such action, and afterwards finds that he cannot establish the preliminary demand essential to his recovery, why may he not treat the action thus prematurely begun as a demand, upon which, at the end of 30 days, he may successfully begin anew? 9 Am. & Eng. Enc. Law (2d Ed.) 212; *Nixon v. Long,* 33 N. C. 428.

We are aware that remedies provided by statute, out of the ordinary course of procedure, are generally to be construed and followed with strictness; but this rule is no more imperative than that other which requires us to give to the language of the statute, so far as possible within the limits of fair and reasonable construction, that force and meaning which shall promote the purposes of its enactment. Courts will look with care to guard against everything which is liable to operate oppressively upon the citizen and taxpayer, and, on the other hand, they will not indulge in excessive refinement of reasoning, the net result of which is the escape of the property owner from his just contribution to the support of the state whose protection he enjoys. The elusiveness of moneys and credits, the jugglery by which they so often disappear at the approach of the assessor, and the jus-

tice of the requirement that every man shall do his equal share in carrying the public burdens, demand that the remedies which the law affords shall not be robbed of their effectiveness by narrow and illiberal interpretation.

II.   The next proposition of the demurrer, that the plaintiff's right of action is barred by the five-year limitation, is not urged in argument, and we may regard it as waived.   It is evident, however, that, the assessor having by law until April 1, 1895, for the completion of his lists, and this action having been begun in March, 1900, is not open to the objection raised.

III.   Since the appeal in this case was taken, we have had occasion, in another case, to review the point made by defendant's demurrer that section 1374 of the Code does not operate retroactively.   *Galusha v. Wendt,* 114 Iowa, 597. The conclusion we there reached is in harmony with the position taken by the appellant herein.

The demurrer to the petition should have been overruled.   The judgment of the district court is therefore RE-VERSED.