JOSÉ ROMAGUERA E HIJOS, peticionaria, *v.* TRIBUNAL DE APELACIÓN DE CONTRIBUCIONES DE PUERTO RICO, demandado.

Núm. 1365.—*Sometido:* Noviembre 9, 1942. *Resuelto:* Noviembre 30, 1942.

*J. J. Ortiz Alibrán,* abogado de la peticionaria; *Hon. Procurador General Interino M. Rodríguez Ramos* y *José Rafael Gelpí, Procurador Auxiliar,* abogados del Tesorero de Puerto Rico, opositor.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

La peticionaria, sociedad mercantil que se dedica a la compra y venta de mieles, es dueña de dos tanques y una casa, ubicados en Puerta de Tierra, San Juan, en un solar propiedad de El Pueblo de Puerto Rico.

En febrero 13 de 1941, el Tesorero de Puerto Rico notificó a la peticionaria una tasación a los efectos de contribuciones sobre dichos tanques y casa, por los años fiscales comprendidos desde el 1934–35 al 1941–42. No estando conforme, la peticionaria radicó alzada ante la Junta de Revisión e Igualamiento, la que sostuvo la tasación hecha por el Tesorero. Solicitada la reconsideración, acordó la junta oír de nuevo a la parte recurrente. La nueva vista tuvo lugar ante el Tribunal de Apelación de Contribuciones presentándose prueba oral y documental. En junio 8, 1942 el tribunal dictó resolución sosteniendo la validez de la tasación.

En el presente recurso de *certiorari,* la peticionaria recurrente alega que el tribunal recurrido erró al declarar que los tanques en cuestión son bienes inmuebles; y al no tomar en consideración el hecho de que los terrenos en donde están

emplazados los tanques son propiedad de El Pueblo de Puerto Rico y que la peticionaria estaba obligada a retirarlos a la terminación del contrato de arrendamiento.

En la vista ante el Tribunal de Apelación de Contribuciones, la peticionaria, para sostener su contención de que los dos tanques son bienes muebles, y que el Tesorero no tiene autoridad para imponerles contribuciones por años anteriores a aquel en que se hace la tasación, ofreció el testimonio del Sr. J. R. Vendrell, socio de la firma peticionaria, quien declaró: que los tanques están situados en terrenos del Gobierno arrendados a la peticionaria por un término de 15 años, con la condición de que al expirar dicho término la arrendataria deberá remover los tanques y dejar el terreno como estaba antes de que los mismos fueran instalados; que el tanque más pequeño, de 100,000 galones de capacidad, ha estado instalado en tres sitios distintos, en Utuado, en Ponce y en la Playa de Ponce; que el mayor, que tiene una capacidad de millón y medio de galones, ha estado solamente donde ahora se encuentra; que ambos tanques descansan sobre el terreno y en el borde se le pone un encintado de concreto para evitar tener que hacer una excavación; que esos tanques están conectados a una tubería por la cual se bombean las mieles al vapor, no siendo esas tuberías permanentes porque el Gobierno no da permiso permanente; que los tanques pueden ser desarmados y montados en otro sitio; que después de quitarles los remaches las piezas quedan intactas; que de acuerdo con la práctica que se ha seguido, cuando un tanque deja de ser utilizado en un sitio se traslada a otro; que los tanques no están empotrados en el suelo, sino puestos sobre el suelo; que los tanques tienen un término de duración de unos 20 años, que puede alargarse a 25 ó 30 años; que los tanques no fueron colocados con el propósito de que permanecieran allí para siempre y que su intención era dejarlos allí mientras durase el contrato que tenían para la manipulación de mieles; que los tanques en cuestión fueron montados hace

unos siete años; que la peticionaria tiene el propósito de llevarse los tanques cuando termine el arrendamiento.

En el acto de la vista el Tesorero de Puerto Rico no presentó evidencia alguna en contra de lo declarado por el Sr. Vendrell. En el alegato formulado a su nombre se admite que los hechos tal y como los hemos expuesto son ciertos. La única cuestión legal que debemos resolver es si de acuerdo con esos hechos los tanques en cuestión son bienes inmuebles y como tales sujetos al pago de las contribuciones impuestas por el Tesorero o si por el contrario son bienes muebles como sostiene la peticionaria recurrente.

De acuerdo con el artículo 263 del Código Civil (1930) son bienes inmuebles, entre otros, (*a*) las tierras, edificios, caminos y *construcciones* de todo género *adheridas al suelo;* (*b*) todo lo que esté unido a un inmueble de una manera fija, de suerte que no pueda separarse de él *sin quebrantamiento* de la materia o *deterioro* del objeto; (*c*) los objetos de uso colocados en heredades *por el dueño del inmueble* en tal forma *que resulten unidos de un modo permanente al fundo;* (*d*) las máquinas, instrumentos o utensilios destinados *por el propietario de la finca* a la industria o explotación que en ella se realice y que directamente concurran a satisfacer las necesidades de la explotación misma.

Son bienes muebles, de acuerdo con el artículo 265 del mismo Código, los susceptibles de apropiación no comprendidos en el artículo 263, ''y en general todos los que se puedan transportar de un punto a otro sin menoscabo de la cosa inmueble a que estuvieren unidos.'' El artículo 290 del Código Político dispone que ''las maquinarias, vasijas e instrumentos o implementos *no adheridos al* edificio o *suelo* no se considerarán como inmuebles'', y sí como muebles.

Si aplicamos las citadas disposiciones legales a los hechos del presente caso tenemos que llegar a la conclusión de que los tanques en cuestión son bienes muebles. La evidencia de-

muestra que los tanques han sido armados y descansan sobre el suelo del solar, pero no están adheridos al mismo. El círculo o encintado de concreto sobre el cual descansan ha sido puesto allí con el propósito de evitar la desnivelación del tanque al ser llenado de mieles y la socavación de su base por las lluvias, y no con el fin de adherir el tanque permanentemente al suelo. Los tanques pueden ser desarmados y armados de nuevo en otro sitio, sin quebrantar o deteriorar en manera alguna las planchas de acero de que se forman, bastando para ello quitar los remaches que las unen y volviéndoselos a poner al armarlo en su nuevo emplazamiento. Ese proceso fué seguido cuatro veces en el caso del menor de los tanques y la prueba demostró que lo mismo podría hacerse con el más grande.

■ Para que una máquina o instrumento destinado a una industria establecida en una finca pueda ser considerado como inmueble, es requisito esencial que haya sido el propietario de la finca quien emplazó allí para tal fin la máquina o instrumento, circunstancia que no concurre en el presente caso, pues ya sabemos que el solar es propiedad del Gobierno y que los tanques pertenecen a la peticionaria.

■ El caso de *Pérez Guerra* v. *Matos,* 48 D.P.R. 599 presenta una situación similar a la del de autos. Se resolvió que una batidera eléctrica situada en una plataforma levantada del suelo y fácilmente separable, debe ser considerada como un bien mueble, hasta que claramente se demuestre lo contrario; y que la voluntad del dueño es un elemento importante para determinar si la batidera, instalada por el dueño de una finca y usada en una industria allí establecida por dicho dueño, ha perdido o no su naturaleza de bien mueble.

Cuando, como en el presente caso, el terreno pertenece a una persona distinta a la del dueño de la máquina, instrumento o utensilio instalado sobre el inmueble, la intención de las partes es y debe ser el factor más importante, aún cuando

no sea el decisivo, para resolver si la máquina, instrumento o utensilio ha perdido su naturaleza de mueble para convertirse en inmueble.

En 22 Am. Jur. 718, encontramos lo que sigue:

"§6. *Intención generalmente.* De las tres pruebas antes mencionadas, la clara tendencia de las autoridades modernas, parece ser la de dar preeminencia a la intención de convertir el objeto mueble en una accesión permanente del inmueble, y todas las demás pruebas parecen derivar su principal valor como evidencia de tal intención. Esta prueba (test)—la intención de la parte que hace la anexión—es de acuerdo con la mayoría de las autoridades el criterio que debe controlar, y es generalmente considerada como la prueba principal. No es siempre el factor determinante, pero en casos de duda tiene una influencia decisiva y debe ser considerada. Sin embargo, para que un objeto mueble pueda convertirse en un anexo (fixture) de un inmueble, la intención de convertirlo en una accesión permanente del inmueble debe aparecer afirmativa y claramente; si la cuestión queda en la duda o la incertidumbre, la naturaleza legal del objeto no cambia, y debe ser considerado como mueble. Correlativamente, objetos removibles anexos a un inmueble pueden seguir siendo muebles cuando la intención de que así sea es evidente por la conducta o actos de las partes."

En la obra "Cooley on Taxation", volumen 2, párrafo 559, páginas 1219, 1220 se dice:

"Máquinas y objetos similares, cuando no están de tal modo adheridos al suelo para convertirse en anexos (fixtures), deben ser tasados como propiedad mueble, pero si son anexos, entonces deben ser tasados como parte del inmueble a menos que el estatuto disponga otra cosa. Maquinaria traída a la finca de otro para cumplir un contrato de obras, y para ser removida a la terminación del contrato, debe ser tasada como propiedad mueble más bien que como inmueble."

Véase también Schouler "Personal Property", 5a. Ed., párrafo 121, página 170.

Tomando en consideración que los tanques en cuestión no están permanentemente adheridos y que solamente descansan sobre el terreno; que dichos tanques son propiedad del arrendatario y no del arrendador y que han sido instalados allí

por el arrendatario para poder realizar su negocio de exportación de mieles; que las partes contratantes estipularon que al terminar el plazo del arrendamiento el arrendatario podría y debería llevarse los tanques, dejando el terreno como antes estaba; y que dichos tanques pueden ser desarmados y removidos del solar sin causar daño alguno al inmueble o a los tanques mismos, resolvemos que los tanques en cuestión son y deben ser considerados como bienes muebles y tasados como tales. Siendo como son dichos tanques bienes muebles, las tasaciones hechas por el Tesorero a virtud de lo dispuesto en el artículo 303 del Código Político no pueden ser sostenidas como legales. El citado artículo autoriza al Tesorero a imponer y cobrar contribuciones sobre cualquier *propiedad inmueble* que hubiere sido omitida en la tasación de cualquier contribuyente durante cualquier año o años económicos a partir del año 1901–02. La autorización concedida por el estatuto no comprende los bienes muebles.

*Por las razones expuestas, procede anular la resolución dictada por el Tribunal de Apelación de Contribuciones el día 5 de junio de 1942.*

El Juez Asociado Sr. Snyder no intervino.