RAFAEL BUSCAGLIA, TESORERO DE PUERTO RICO, peticionario, *v.* TRIBUNAL DE CONTRIBUCIONES DE PUERTO RICO, demandado; CORPORACIÓN DE CRÉDITOS E INVERSIONES, interventora.

Núm. 217.—*Sometido:* Junio 8, 1949. *Resuelto:* Junio 13, 1949.

*Hon. Procurador General Vicente Géigel Polanco* y *José A. García Malpica,* abogados del peticionario; *A. Cadilla Ginorio,* abogado de la interventora, querellante en el pleito principal.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

El 14 de julio de 1947, a los fines de la contribución sobre la propiedad para el año fiscal 1947–48, el Tesorero envió a la Corporación de Créditos e Inversiones una notificación de tasación de los bienes muebles de dicha corporación, consistentes en sus acciones ascendentes a $20,000. El 16 de octubre de 1947 el Tesorero notificó a la corporación haber impuesto una contribución sobre dicha propiedad mueble ascendente a $434.

No conforme, la corporación radicó una querella ante el Tribunal de Contribuciones alegando que había indicado administrativamente al Tesorero que sus bienes muebles consistían de dinero en caja, $2,596.36, y de mobiliario, $1,249.96, haciendo un total de $3,846.32; que había solicitado del Tesorero que corrigiera la tasación de conformidad, con el fin de pagar la contribución correspondiente; que el Tesorero le

contestó que había tasado los bienes a tenor con el artículo 320 del Código Político porque la corporación es una institución bancaria; que esta actuación del Tesorero de tasar a tenor con el artículo 320 era ilegal por no ser ella una corporación bancaria; que la corporación no está sujeta al pago de contribución sobre sus acciones porque éstas pertenecen a los accionistas; y que no acompañaba a su querella el recibo por parte alguna de la contribución porque no estaba conforme en parte alguna de la misma. La corporación solicitaba una resolución dejando sin efecto la tasación.

El Tesorero solicitó la desestimación de la querella por falta de jurisdicción. Alegó dos motivos. Luego, abandonó el primero. El segundo es que la contribuyente no había pagado aquella parte de la contribución que estaba conforme en pagar, como lo exige el artículo 309 del Código Político, según fué enmendado por la Ley núm. 222, Leyes de Puerto Rico, 1942 ((1) pág. 1247). El Tribunal de Contribuciones declaró sin lugar la moción de desestimación y una moción de reconsideración. Luego concedió varias mociones del Tesorero prorrogándole a éste el término para *alegar* o contestar.

Antes de que expirara la última prórroga, el Tesorero radicó una moción para que se desestimara el caso por académico, por el fundamento de que en virtud del artículo 303 del Código Político había cancelado la notificación de tasación de bienes de fecha 14 de julio de 1947 y expedido una nueva notificación y había notificado a la corporación de una contribución sobre la propiedad basada en la nueva notificación. Después de celebrar una vista sobre esta moción, el Tribunal de Contribuciones dictó una resolución diciendo que el Tesorero había dejado de contestar en tiempo la querella y que la moción para desestimar el caso por académico equivalía a un allanamiento a la súplica de la querella. En consecuencia dictó una resolución declarando ésta con lugar. Expedimos el auto de *certiorari* para revisar dicha resolución.

■ Nos parece obvio el error cometido por el Tribunal de Contribuciones. El Tesorero no infringió las varias resoluciones prorrogándole el término para *alegar* o contestar. Su moción de desestimación por académico era una alegación, y se radicó dentro de la prórroga concedídale por el tribunal. Tampoco era un consentimiento de sentencia. El Tesorero tenía todo derecho bajo el artículo 303 del Código Político a cancelar su notificación de tasación original. Cuando hizo esto, su validez ya no estaba ante el tribunal. Por tanto, lo único que éste podía hacer era desestimar por académico el recurso impugnando la tasación.

■ El Tesorero también nos pide que resolvamos que el Tribunal de Contribuciones no tenía jurisdicción sobre la querella porque ésta de su faz demuestra que la contribuyente no pagó aquella parte de la contribución con que estaba conforme, según lo requiere el artículo 309. Pero una vez que el Tesorero canceló la notificación de tasación original, el caso era enteramente académico, incluyendo el punto jurisdiccional que el Tesorero suscitó ante el Tribunal de Contribuciones y que presenta ahora aquí. Si el Tesorero deseaba una determinación de esta cuestión, no debió haber retirado la notificación de tasación contra la cual se dirigía el recurso.

*La resolución del Tribunal de Contribuciones será revocada y se dictará sentencia archivando la querella por académica.*

El Juez Asociado Sr. Negrón Fernández se inhibió.