GARCÍA COMMERCIAL, INC., demandante y recurrida, *v.* SECRETARIO DE HACIENDA, demandado y recurrente.

Número 11536.

*Sometido:* 8 de mayo de 1956. *Resuelto:* 14 de octubre de 1958.

*Hon. Secretario de Justicia J. B. Fernández Badillo (José Trías Monge, ex-Secretario de Justicia,* en el alegato) y *Cándido Ceballos, Procurador Auxiliar,* abogados del recurrente; *Gaetán Roberts & Alcalá,* abogados de la recurrida.

EL JUEZ ASOCIADO SEÑOR SALDAÑA emitió la opinión del Tribunal.

Se trata de un pleito para obtener el reintegro de las contribuciones sobre propiedad mueble que pagó la demandante por los años de 1951–1952 y 1952–1953. No existe discrepancia entre las partes sobre los hechos esenciales. Son en síntesis los siguientes: (1) Los bienes muebles que poseía García Commercial, Inc., a la fecha 1º de enero de 1951 en Santurce fueron tasados en un valor de $715,770 para el año contributivo de 1951–1952; (2) La notificación de esa tasación se hizo el 9 de junio de 1952, y en la misma fecha se notificó la imposición de una contribución de $15,106.33 sobre dicha propiedad mueble para el año de 1951–1952; (3) La demandante pagó la contribución así impuesta por el Secretario de Hacienda el 12 de diciembre de 1952; (4) Los bienes muebles que poseía García Commercial, Inc., a la fecha 1º de enero de 1952 en Santurce fueron tasados

en un valor de $1,189,530 para el año contributivo de 1952–1953; (5) La notificación de esa tasación se hizo el 30 de junio de 1953, y en la misma fecha se notificó la imposición de una contribución de $26,171.20 sobre dicha propiedad mueble para el año de 1952–1953; (6) La demandante pagó la totalidad de la contribución así impuesta en dos plazos: $9,195.20 en febrero 25 de 1954 y $16,975.30 en julio 29 de 1954; (7) Habiéndose solicitado la devolución de los impuestos pagados por los años de 1951–1952 y 1952–1953, el Secretario de Hacienda denegó el reintegro el 5 de agosto de 1954.

A base de esos hechos, García Commercial, Inc., instó una demanda de reintegro contra el Secretario de Hacienda el 12 de agosto de 1954. Alegó ante el Tribunal Superior que las contribuciones eran nulas porque estaban basadas en una tasación retroactiva. Su única contención fue que, a tenor con lo dispuesto en el art. 303 del Código Político (13 L.P.R.A. sec. 453), la tasación de bienes muebles debió notificarse antes de terminar cada año natural, es decir, en o antes del 31 de diciembre de 1951 para el año contributivo de 1951–1952, y en o antes del 31 de diciembre de 1952 para el año contributivo de 1952–1953. El tribunal *a quo* dictó sentencia declarando con lugar la demanda de reintegro. Resolvió que las notificaciones de tasación se realizaron fuera del término de ley, que el Secretario de Hacienda carecía de autoridad para tasar propiedad mueble con efecto retroactivo y que las contribuciones impuestas y pagadas eran nulas. Creemos que procede revocar dicha sentencia porque la notificación de la tasación de bienes muebles puede hacerse en cualquier momento *antes de expirar el año contributivo* para el cual se tasa e impone la contribución sobre la propiedad. En otras palabras, las notificaciones de tasación que hizo el Secretario de Hacienda en este caso—el 9 de junio de 1952 para el año contributivo de 1951–52 y el 30 de junio de 1953 para el año contributivo de 1952–53—no fueron tardías ni resultan retroactivas de acuerdo con el art. 303 antes citado.

■■ Todos los bienes muebles e inmuebles en Puerto Rico no exentos de tributación están sujetos al pago del impuesto anual *ad valorem* que se conoce como "contribución sobre la propiedad". El primero de enero de cada año dicha contribución queda impuesta directamente por ley para el año contributivo siguiente. Para fijar el monto específico en cada caso el Secretario de Hacienda lleva a cabo un trámite ulterior de tasación de las distintas propiedades y de imposición de las contribuciones que adeudan los dueños respectivos. Como hemos declarado reiteradamente, el estado contributivo de la propiedad surge el día primero de enero de cada año para el año contributivo siguiente a los fines de determinar: (1) la existencia de bienes tributables, (2) el valor de los mismos, y (3) la persona responsable del pago de la contribución.[1] Por eso, a partir del 1º de enero de cada año, el Secretario de Hacienda inicia el proceso contributivo que fija la ley para la tasación e imposición de la contribución sobre la propiedad correspondiente al año económico siguiente. Tiene que designar y describir las distintas propiedades muebles e inmuebles, fijar una valoración a dichas propiedades, notificar a los distintos contribuyentes de la valoración o tasación, imponer la contribución (multiplicando el valor por el tipo de contribución que establece la ley) y notificar dicha imposición de la contribución a los dueños respectivos.

Normalmente el término "tasación" significa la *valoración* de la propiedad. Pero esa etapa del proceso contributivo sólo termina cuando el Secretario de Hacienda notifica a cada contribuyente la valoración realizada. Cf. *Realty Corporation* v. *Tesorero*, 78 D.P.R. 17 (1955); *Tesorero* v.

---

[1] *Buscaglia, Tes.* v. *Tribl. de Contribuciones*, 68 D.P.R. 37 (1948); *National Hats Co.* v. *Sancho, Tes.*, 65 D.P.R. 241 (1945); *Buscaglia, Tes.* v. *Tribl. de Contribuciones*, 63 D.P.R. 39 (1944); *Valcárcel* v. *Sancho Bonet, Tes.*, 61 D.P.R. 213 (1942); *Roig* v. *Sancho Bonet, Tes.*, 54 D.P.R. 649 (1939); *Asociación de Maestros* v. *Sancho Bonet, Tes.*, 54 D.P.R. 536 (1939). Véase 3 Cooley, *The Law of Taxation* (4ª ed. 1924) sec. 1062.

*Tribl. de Contribuciones y Corp. de Créditos*, 70 D.P.R. 72 (1949) y *Rossi* v. *Tribl. de Contribuciones*, 66 D.P.R. 425 (1946). Aunque hoy día no puede invocarse la jurisdicción del Tribunal Superior mediante apelación de la tasación de la propiedad, y sólo se concede el derecho a apelar de la imposición de la contribución, el art. 309 del Código Político ordena que cuando se cambie la tasación vigente de la propiedad o se tase propiedad que no haya sido tasada anteriormente, o se altere la planilla de tasación presentada por algún contribuyente, o cuando el contribuyente haya solicitado la revaloración de su propiedad, el Secretario de Hacienda *"notificará a dicho contribuyente de la valoración y de la contribución impuesta . . ."* (Bastardillas nuestras.) Dicha notificación debe hacerse personalmente o por correo. 13 L.P.R.A. sec. 459. Nótese que la tasación de un año anterior puede ser usada como base para tasar e imponer la contribución en un año subsiguiente, si el contribuyente no solicita la revaloración de la propiedad o si el Secretario de Hacienda *motu proprio* no procede a tasar o valorar de nuevo los bienes. Así lo dispone expresamente el art. 295 del Código Político, 13 L.P.R.A. sec. 447. Esto se aplica tanto a los inmuebles como a los muebles. *Hernáiz, Targa & Co.* v. *Benedicto*, 32 D.P.R. 657 (1924). En tal caso, la notificación de la tasación y de la imposición de la contribución se verifica mediante los avisos que el Secretario de Hacienda debe fijar y publicar en la forma dispuesta en el art. 307 del Código Político, 13 L.P.R.A. sec. 458.

▮ Obviamente no existe límite de tiempo inherente que pueda restringir la facultad del Secretario de Hacienda para tasar e imponer las contribuciones sobre la propiedad. Véanse *Wardall* v. *State*, 177 P.2d 270, 272 (Cal. 1947); *Galusha* v. *Wendt*, 87 N.W. 513 (Iowa 1901); *Mueller* v. *Mercer County*, 60 N.W.2d 678 (N.D. 1953); 51 *Am. Jur.*, *Taxation*, sec. 734 y los casos allí citados. Por otro lado, no hay duda de que la Legislatura puede fijarle un límite de tiempo para llevar a cabo la tasación de la propiedad e

imponer la contribución. En tal caso la limitación opera como un período de prescripción. Véanse *Bell* v. *Stevens*, 90 N.W. 87 (Iowa 1902); *Shearer* v. *Citizens' Bank of Washington County*, 105 N.W. 1025 (Iowa 1906); 1 *P-H State and Local Tax Service*, secs. 93, 692 y 93, 694; 51 *Am. Jur., Taxation*, sec. 734.

■ ¿Fija nuestra ley un término prescriptivo para llevar a cabo la tasación de los bienes y la imposición de la contribución sobre la propiedad? En cuanto a los bienes *inmuebles* no existe término alguno de prescripción. *Martínez* v. *Sancho Bonet, Tes.*, 53 D.P.R. 553, 561–562 (1938). En cuanto a los bienes *muebles*, la Legislatura enmendó en 1907 el art. 303 del Código Político (Leyes, págs. 335–337; 13 L.P.R.A. sec. 454) para disponer que, si en la tasación de un contribuyente *durante un año económico* se omiten indebidamente bienes muebles, el Secretario de Hacienda no puede en un *año posterior* tasar dicha propiedad e imponerle la contribución que debió pagar para el año en que se hizo la tasación incorrecta. En efecto, el citado art. 303 (según fué enmendado en 1907) establece que en cuanto a propiedad *inmueble* indebidamente *omitida en la tasación de un año contributivo*, será deber del Secretario de Hacienda ". . . hacer que se tase inmediatamente por los años durante los cuales dicha propiedad no ha sido tasada, y agregarla a la lista de contribuciones por dichos años, procediendo al cobro de las contribuciones que a ella corresponden . . ." Así pues, habiéndose excluído toda referencia a los muebles, implícitamente quedó limitado el poder del Secretario de Hacienda para tasar e imponer contribuciones a los bienes muebles indebidamente omitidos en la tasación de un año económico. Esto surge en forma aún más clara si consideramos la segunda parte del referido art. 303, según enmendado en 1907: "En todo caso en que se hubiere tasado propiedad *mueble o inmueble*, durante un año económico o durante varios, pero si hubiere hecho la tasación a nombre de otra persona distinta del verdadero dueño o poseedor de

dicha propiedad, o si hubiere hecho en forma tal que fuese nula, el Secretario de Hacienda cancelará dicha tasación, la eliminará de las listas de contribuciones, y retirará y cancelará los recibos . . . procediendo a una nueva tasación de dicha propiedad y a corregir las listas de contribuciones de acuerdo con ella así como a recaudar, en cuanto resultaren pendientes de pago, las contribuciones correspondientes a la nueva tasación en la misma forma que se dispone en esta sección para la tasación y recaudación de contribuciones sobre propiedad *inmueble* que indebidamente no se hubiere tasado." (Bastardillas nuestras.) Cf. *Tesorero* v. *Tribl. de Contribuciones*, 70 D.P.R. 72 (1949). En resumen puede decirse que, en cuanto a bienes *muebles* tributables, no es válida una tasación "retroactiva" a los fines de imponer la contribución sobre la propiedad. Cf. *J. Romaguera e Hijos* v. *Tribl. de Apelación*, 61 D.P.R. 114 (1942).

Claro está, no puede existir retroactividad si el Secretario de Hacienda tasa los bienes muebles dentro del término normal que fija la ley para verificar la valoración de la propiedad y la notificación de dicha valoración al contribuyente. Veamos pues lo que nuestro estatuto provee sobre esa cuestión esencial. A tenor del art. 295 del Código Político, el Secretario de Hacienda puede corregir, enmendar o revisar la "lista de tasación para el siguiente año económico" (*i. e.* la tasación de la propiedad tal como aparece en la lista de contribuciones del año anterior) en la forma siguiente: " . . . *tan pronto como fuere posible, después del primero de enero de cada año* . . . " llenando planillas o tarjetas que manifiesten detalladamente todos los bienes inmuebles y muebles sujetos a contribución en un mismo municipio " . . . pertenecientes en primero de enero a cada persona *cuyos bienes imponibles no hubieren sido anteriormente tasados,* o que a juicio del Secretario de Hacienda . . . *debieran tasarse o valorarse de nuevo* para imponerles la contribución correspondiente . . ." (Bastardillas nuestras.) 13 L.P.R.A. sec. 447. En el caso de autos ese fue precisamente el trá-

mite que siguió el Secretario de Hacienda, ya que no tomó como base la tasación de los años anteriores para tasar los bienes muebles de la demandante durante los años 1951–52 y 1952–53, y procedió a valorarlos de nuevo. Como se ve, la ley indica que el proceso de tasación, en caso de bienes muebles omitidos o en caso de revaloración de los mismos, comenzará el primero de enero de cada año natural. Sin embargo, no establece expresamente que esa tasación deba ultimarse en una fecha determinada. Más adelante la ley provee cómo y cuándo se hará la notificación al contribuyente de la valoración de su propiedad y de la contribución impuesta por el Secretario de Hacienda. El art. 307 del Código Político dispone que " . . . a medida que la tasación o revisión de tasación de propiedad . . . vaya haciéndose, o con aquellos intervalos de tiempo que pueda señalar el Secretario de Hacienda, cada tasador remitirá prontamente las planillas terminadas al Secretario de Hacienda, quien hará que éstas sean examinadas y ordenadas, e impondrá la contribución correspondiente . . ." Añade que una vez impuesta la contribución y dentro de los primeros diez días después de haber recibido para cobro los recibos correspondientes, cada colector deberá fijar un aviso indicando la fecha desde la cual los mismos se encuentran al cobro y que el Secretario de Hacienda, dentro del término de diez días siguientes a la fecha en que remita a los distintos colectores los referidos recibos, deberá dar aviso de ello al público por lo menos en un periódico diario de circulación general. 13 L.P.R.A. sec. 458. Por otro lado, el art. 309 del Código Político provee que " . . . *cuando se hiciere algún cambio en la tasación vigente de la propiedad de cualquier contribuyente, o se tasare la propiedad de un contribuyente que no hubiere sido anteriormente tasada,* o se hiciere alguna alteración en la planilla de tasación . . . o cuando el contribuyente hubiere solicitado la revaloración . . . el Secretario de Hacienda . . . *notificará a dicho contribuyente de la valoración y de la contribución impuesta . . .*" mediante entrega de la notifica-

ción personalmente o por correo. (Bastardillas nuestras.) 13 L.P.R.A. sec. 459. Aquí tampoco se fija expresamente un término normal para ultimar la notificación de la tasación o valoración de la propiedad ni para hacer la notificación de la imposición de la contribución. Ya indicamos que en el caso de autos se trata de una tasación de bienes muebles omitidos o de una revaloración de los mismos. Por tanto, la notificación de dicha tasación se rige por lo dispuesto en el citado art. 309 del Código Político.

No obstante, se deduce de todas las disposiciones de ley antes mencionadas (1) que la tasación de los bienes muebles e inmuebles es un paso previo a la imposición de la contribución sobre la propiedad y (2) que por ley dicha contribución se impone *durante* cada año económico que comienza en julio 1º y termina en junio 30 del año siguiente. Por tanto, en ausencia de una disposición específica de ley que establezca el período normal para la tasación, es lógico que el Secretario de Hacienda disponga para verificar la tasación del tiempo comprendido entre el 1º de enero de cada año natural, que es el día en que surge el "estado contributivo" de la propiedad, y el día en que expira el año contributivo siguiente para el cual sirve de base dicha tasación. A nuestro juicio, los preceptos legales relativos a la tasación de los bienes muebles e inmuebles y a la imposición de la contribución sobre la propiedad, indican claramente que el Secretario de Hacienda dispone de ese período de 18 meses para terminar *todo* el proceso o trámite contributivo en virtud del cual se fija el impuesto para el año económico corriente. Es decir, antes de finalizar un año contributivo, no puede tildarse de *retroactiva* una tasación a los fines de imponer la contribución sobre la propiedad que corresponde precisamente a ese año en curso. Racionalmente hasta que no expire el año contributivo siguiente no puede haber transcurrido el período normal para tasar la propiedad mueble. Dicha tasación constituye una mera valoración que el Secre-

tario usa para fijar el monto de la contribución que debe imponer *durante* ese año económico en curso.

Las disposiciones del art. 303 del Código Político (según fue enmendado en 1907) confirman nuestra conclusión de que el período normal para tasar e imponer la contribución sobre la propiedad comienza el 1º de enero de cada año y termina al expirar el año contributivo siguiente. En efecto, al autorizar la tasación retroactiva de cualquier propiedad inmueble omitida, dicho precepto legal se refiere con toda precisión a "... propiedad inmueble sujeta a contribución (que) haya sido omitida en la tasación de la propiedad de cualquier contribuyente *durante cualquier año o años económicos* ..." (Bastardillas nuestras.) Además, al referirse a la facultad del Secretario de Hacienda para corregir tasaciones de bienes muebles o inmuebles hechas a nombre de otra persona distinta del verdadero dueño o verificadas en forma tal que fuesen nulas, repite con énfasis que se trata de los casos "... en que se hubiere tasado propiedad, mueble o inmueble, *durante un año económico o durante varios*. . ." (Bastardillas nuestras.) 13 L.P.R.A. sec. 454.

■■ La contención de que el período prescriptivo fijado en el art. 303 para la tasación e imposición de la contribución sobre bienes muebles expira el 31 de diciembre de cada año, no sólo es contraria al texto de la ley sino que conduce a un resultado ilógico: seis meses antes de expirar el año contributivo para el cual se tasa y se impone la contribución sobre la propiedad, ya el referido término de prescripción habría transcurrido. Además hay que atribuir siempre a la ley el sentido que mejor responda a la realización del resultado que por ella se quiere obtener. El fin esencial de la restricción impuesta por el art. 303 en cuanto a la tasación de bienes muebles, es evitar situaciones injustas y onerosas para los contribuyentes. Los bienes muebles no tienen la estabilidad y permanencia de los inmuebles. Por eso la ley impone un límite de tiempo al Secretario de Hacienda para tasarlos e imponer la contribución. Pero el período pres-

criptivo de 18 meses es más razonable que el de 12, tomando en cuenta los intereses económicos y sociales envueltos. La política pública exige que todas las personas y propiedades compartan equitativamente la carga de las contribuciones y que no se permita a ciertas personas evadir su obligación de pagarlas debido a omisiones en las listas de tasación. Jensen, *Property Taxation in the United States* (1931). **Por eso** debemos interpretar en forma estricta y favorable al erario la limitación de tiempo que impuso el art. 303 del Código Político, según fue enmendado en 1907. Véanse *Mueller* v. *Mercer County*, 60 N.W.2d 678 (N.D. 1953); *Wardall* v. *State*, 177 P.2d 270 (Cal. 1947); *Duke Power Co.* v. *Hillsborough T.P. Somerset County*, 26 A.2d 713 (N.J. 1942); *In re State Line & S.R. Co.'s Taxation*, 107 Atl. 860 (Pa. 1919); *Bell* v. *Stevens*, 90 N.W. 87 (Iowa 1902); 3 Sutherland, *Statutes and Statutory Construction* (3ª ed.) sec. 6706 y los casos allí citados; Nota, *Provisions of Tax Statute as to Time for Performance of Acts by Boards or Officers as Mandatory or Directory*, 151 A.L.R. 248 (1944). Cf. 10 Mertens, *The Law of Federal Income Taxation* (Zimet Revision) sec. 57.02.

 La contribuyente arguye que el "estado contributivo" de la propiedad mueble surge el 1º de enero de cada año; que a base del valor de los bienes en esa fecha, se hace la tasación y se impone la contribución para el siguiente año económico o año corriente; y que cuando cronológicamente llega el nuevo día tributable del próximo año natural, cualquier tasación hecha en esa fecha o posteriormente resultaría *retroactiva* para el año económico en curso. Ese razonamiento incurre en la falacia de dar por sentado lo que se trata de probar. En efecto, el hecho de que deba tasarse la propiedad mueble en el valor que tenga a primero de enero del año natural, no significa de por sí que el Secretario de Hacienda esté limitado a verificar la tasación antes del próximo día tributable (*tax day*). Por otro lado, también debemos rechazar el argumento del demandado de que el

término "tasación" en el art. 303 del Código Político no incluye la notificación al contribuyente de la valoración. Si aceptáramos esa interpretación, el límite de tiempo que establece el citado art. 303 para la tasación e imposición de la contribución sobre bienes muebles quedaría desvirtuado. Jurídicamente la tasación sólo se perfecciona cuando la valoración se notifica al contribuyente en la forma que dispone la ley.

En el caso de *Romaguera*, supra, se impugnó la tasación de bienes muebles notificada el 13 de febrero de 1941 ". . . a los efectos de contribuciones por los años económicos comprendidos desde el 1934–35 al 1941–42". Declaramos que dicha tasación era nula a virtud de lo dispuesto en el art. 303 del Código Político. Obviamente no procedía tal conclusión, ni a base de un período prescriptivo de 12 meses ni tampoco a base de uno de 18 meses, en cuanto a la tasación e imposición de la contribución sobre la propiedad para el año de 1941–1942. Tampoco se explicó por qué razón la contribución para el año de 1940–1941 era nula a tenor del art. 303. Sólo cabe concluir pues que allí no se analizó ni se resolvió la cuestión precisa que aquí se plantea: cuándo es *retroactiva* una tasación de bienes muebles.(²) En todo caso, ahora fallamos que el período normal para tasar e imponer la contribución sobre bienes muebles empieza el 1º de enero de cada año natural y termina al expirar el año contributivo siguiente. De ahí que una tasación hecha dentro de ese período no sea "retroactiva" a los fines de imponer la contribución sobre la propiedad del año corriente. A nuestro juicio esa es la única norma jurídica correcta. Y, en tanto

---

(²) Adviértase que en *Realty Corporation* v. *Tesorero*, 78 D.P.R. 17 (1955) la notificación de la tasación de los bienes muebles (y de la imposición de la contribución) para el año 1948–1949, se verificó el 11 de febrero de 1949. En dicho caso nadie suscitó cuestión alguna sobre retroactividad al amparo del art. 303 del Código Político. En apelación resolvimos que el tribunal *a quo* carecía de jurisdicción porque la contribuyente había presentado su demanda fuera del término de ley que se concede en casos relativos a contribuciones sobre la propiedad.

sea incompatible con la misma, el caso de *Romaguera* queda revocado. Cf. Hellerstein, *State and Local Taxation* (1952), Parte VI: *Ad Valorem Property Taxes*, págs. 643–707; y Cap. 17: *The Assessment and Collection of Taxes*, págs. 781–823.

Es preciso señalar que la Ley núm. 67 de 1954 (Leyes, pág. 357) enmendó el art. 303 del Código Político para disponer que: "El Secretario de Hacienda o sus agentes encargados de realizar la tasación de la propiedad tendrán hasta el último día del año contributivo para realizar la tasación y revisión de la tasación de propiedad mueble para el año contributivo de que se trate." Con anterioridad a la aprobación de esa ley, se presentó en la Legislatura y se derrotó un proyecto que proponía dar a dicha enmienda efecto retroactivo al 1º de enero de 1951. Véanse Diario de Sesiones, Vol. III (1953) págs. 415–417; 524–535; y Diario de Sesiones, Vol. IV (1954) págs. 233–234; 1423; 1446–1447. Fue debido a varias decisiones emitidas por el Tribunal Superior, en que erróneamente se adoptó para la tasación de bienes muebles el término prescriptivo de 12 meses bajo el art. 303, que la Asamblea Legislativa creyó necesario tomar acción inmediata para fijar dicho término en 18 meses. Aunque la referida enmienda fue adoptada finalmente con carácter prospectivo, los debates legislativos demuestran sin lugar a dudas que la Asamblea Legislativa no tuvo por miras ratificar legislativamente la interpretación judicial de la ley que había adoptado el Tribunal Superior. La negativa del poder legislativo a dar efecto retroactivo a dicha enmienda sólo significa que dejó en manos de los tribunales la decisión sobre cuál debía ser la interpretación correcta de lo dispuesto en el art. 303 desde 1907 hasta 1954. Véanse Sutherland, *op. cit.* supra, Vol. I, secs. 1929–1936; Vol. II, sec. 5110; Crawford, *The Construction of Statutes* (1940) secs. 302–306; Notas en 50 Yale L. J. 1294 (1941) y 59 Harvard L. Rev. 1277 (1946).

En vista de lo anterior, es innecesario resolver si la demandante tiene derecho a solicitar la devolución de las contribuciones que pagó voluntariamente luego de estar prescritas las mismas, según alegó en su demanda en este caso, tomando como base un término de 12 meses a contar del 1º de enero de cada año natural. El Secretario de Hacienda alega que, habiendo admitido la contribuyente que adeudaba las contribuciones pagadas a no ser porque las mismas estaban prescritas, es aplicable la regla que adoptamos en cuanto a contribuciones sobre ingresos en el caso de *Sucrs. de Sobrino y Cía.* v. *Tribl. Contribuciones*, 68 D.P.R. 875 (1948). Cf. las secciones 321 y 322 de la Ley de Contribuciones sobre Ingresos de 1954, 13 L.P.R.A. Supl. Acum. secs. 3321 y 3322; 10 Mertens, *op. cit.* supra, sec. 58.40; Hellerstein, *op. cit.* supra, 824–836. Sin embargo, sería improcedente considerar esa contención, pues las tasaciones en el caso de autos no fueron tardías ni resultan retroactivas.

*Debe revocarse la sentencia recurrida y declararse sin lugar la demanda de reintegro.*

El Juez Presidente Sr. Negrón Fernández, aunque no estuvo presente cuando se firmó esta sentencia, participó en la consideración del caso y está de acuerdo con la opinión del Tribunal.

El Juez Asociado Sr. Santana Becerra no intervino.