GÓMEZ HERMANOS, INC., demandante y recurrida, *v.* SE-
CRETARIO DE HACIENDA, demandado y peticionario;
GOMAR AUTO CORPORATION, demandante, *v.* SECRETARIO
DE HACIENDA, demandado y peticionario.

*Número:* O-83-531      *Resuelto:* 14 de octubre de 1983

*Miguel Pagán, Procurador General Interino,* y *Américo Serra,
Procurador General Auxiliar,* abogados de El Pueblo, peticio-
nario; *Rodrigo Otero Suro* y *Rodrigo Otero Bigles,* de *Otero
Suro & Otero Suro,* abogados de las recurridas.

PER CURIAM: La parte recurrente, el Secretario de Ha-
cienda, tasó e impuso a las recurridas, Gómez Hermanos,
Inc. (Gómez Hermanos) y Gomar Auto Corporation (Gomar),

la contribución sobre la propiedad mueble para varios años contributivos. Las recurridas pagaron la parte de la contribución con la cual estuvieron conformes, acogiéndose a los descuentos que concede la Sec. 2(a) de la Ley Núm. 80 de 25 de junio de 1959, según enmendada, 13 L.P.R.A. sec. 476b. Tales descuentos fueron concedidos y pagados sobre la parte de la contribución con que Gomar y Gómez Hermanos estuvieron conformes.

Las contribuyentes demandaron al Secretario para que revisase la tasación e imposición de la contribución. El tribunal de instancia aprobó nuevos cómputos sometidos por las contribuyentes y permitió que se acogieran al descuento del 10% sobre las diferencias resultantes. El Secretario alega ante este foro que erró el tribunal de instancia al permitir tal descuento.

La Sec. 2 de la Ley Núm. 80 de 25 de junio de 1959 (13 L.P.R.A. sec. 476b) dispone, en parte:

> (a) Se concederán los siguientes descuentos sobre el importe de la contribución sobre la propiedad mueble, si el pago se efectuare en la forma y dentro del plazo correspondiente:
>
> (1) Diez (10) por ciento del monto de cada semestre, si el pago de ambos semestres se efectuase conjuntamente y dentro de treinta (30) días a partir de la fecha en que los recibos estuvieren en poder del colector y así se anunciare.

En el Informe de la Comisión de Hacienda de la Cámara de Representantes sobre el P. de la C. 695, que luego se convirtió en la Ley Núm. 80, se señala el propósito de la medida:

> El propósito de este proyecto es conceder un incentivo para que los contribuyentes paguen prontamente las contribuciones sobre la propiedad y proveer un alivio para aquellos contribuyentes que se encuentren en condiciones económicas gravemente adversas.
>
> El incentivo consiste en conceder un descuento de un 10 por ciento *si se paga el total de la contribución* dentro de los 30 días de haber sido puesto el recibo al cobro; un 5 por ciento si dicho pago se efectúa después de 30 días pero sin exceder de

60; y finalmente, un 3 por ciento si se paga el primer semestre dentro de los 30 días de haber sido puestos los recibos al cobro y el segundo, dentro de los 30 días siguientes al 1ro. de enero del año fiscal a que correspondan dichos recibos. (Énfasis nuestro.) 12 *Diario de Sesiones* 1084 (1959).

▮  Ni en el texto de la Ley Núm. 80 ni en su historial hallamos nada que autorice descuentos eventuales sobre cantidades en disputa cuando el contribuyente resuelve efectuar pagos parciales. Tampoco encontramos tal facultad en la Ley Núm. 8 de 10 de abril de 1964 (13 L.P.R.A. secs. 331–337), referente a pagos aplazados de contribuciones sobre la propiedad, ni en el Art. 2 de la Ley Núm. 235 de 10 de mayo de 1949 (13 L.P.R.A. sec. 282), donde se le concede al contribuyente un recurso judicial cuando no esté conforme con determinaciones del Secretario de Hacienda relativas a contribuciones sobre la propiedad.

▮  Por el contrario, la contención de las contribuyentes derrotaría el propósito de la Ley Núm. 80, ya que, como se desprende del informe citado, se ofrece el descuento como un incentivo para el pronto pago de la totalidad de la contribución y no para su pago después que se cuestione y litigue la imposición del tributo. Si un contribuyente en la posición de Gómez Hermanos y Gomar desea acogerse a los beneficios de la Ley Núm. 80, el procedimiento indicado, hasta tanto la Asamblea Legislativa disponga otra cosa, es pagar la totalidad de la contribución dentro del plazo indicado en el estatuto y con el descuento correspondiente, y luego reclamar el reintegro en la forma prescrita por ley. De tal modo, no importa el resultado de la acción, el contribuyente se beneficia del descuento y, además, si su planteamiento prospera, recibe el reintegro, más los intereses devengados. El contribuyente no está obligado a seguir este curso de acción. Puede, en la alternativa, pagar la parte de la contribución con la cual esté conforme, pero en tal caso no tendrá derecho a los beneficios de la Ley Núm. 80 sobre la diferencia en litigio.

■ El argumento de las contribuyentes en el sentido de que el Secretario de Hacienda tiene que expedir nuevos recibos cuando la determinación del tribunal represente una cantidad diferente de la que aparece en los recibos no nos convence. La práctica administrativa es otra. Véanse el Art. 303 del Código Político, 13 L.P.R.A. sec. 454; *García Commercial* v. *Srio. de Hacienda*, 80 D.P.R. 765 (1958).

*Se expedirá el auto y se modificará la orden de 15 de abril de 1983 para eliminar el 10% incluido en los cómputos contributivos aprobados.*

El Juez Asociado Señor Dávila se inhibió; el Juez Asociado Señor Rebollo López no intervino.