ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL ESPECIAL**

| | | |
|---|---|---|
| **FRANCISCA DEL VALLE MUJICA Y OTROS** PETICIONARIA(S)-PETICIONARIA(S) | | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de **CAROLINA** |
| EX PARTE | **KLCE202300133** | Caso Núm. **CN2021CV00245 (403)** |
| **MINISTERIO PÚBLICO** RECURRIDA(S) | | Sobre: Expediente de Dominio |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Juez Barresi Ramos y Lebrón Nieves.[1]

*Barresi Ramos*, juez ponente.

## SENTENCIA

En San Juan, Puerto Rico, hoy día 8 de mayo de 2025.

Comparecen ante este Tribunal de Apelaciones, la señora **FRANCISCA DEL VALLE MUJICA** y **OTROS** (**DEL VALLE MUJICA** y **OTROS**) mediante *Petición de Certiorari* incoada el 13 de febrero de 2023.[2] En su escrito, nos solicitan que revisemos la *Resolución Final* emitida el 12 de diciembre de 2022 por el Tribunal de Primera Instancia (TPI), Sala Superior de Carolina.[3] Mediante dicha determinación judicial, se declaró no ha lugar la *Petición* sobre

---

[1] En virtud de la *Orden Administrativa OATA-2025-019* de 10 de febrero de 2025, la Juez Lebrón Nieves sustituyó a la Jueza Rivera Pérez quien cesó de ejercer funciones en el Tribunal de Apelaciones.

[2] **DEL VALLE MUJICA** y **OTROS** son miembros de las sucesiones de Don Hipólito Del Valle Velázquez y su esposa, Doña Justina Mujica Santaella. La sucesión está compuesta por: Francisca, María Teresa, Nemesio, Ángel María, Rosa Elba, todos de apellidos Del Valle Mujica; Hilda Violeta Mujica Del Valle; Héctor William Mujica Del Valle; Luz Ahilda Del Valle Ramírez; Luz Aleyda Del Valle Ramírez; Erika Fernanda Del Valle Carrasquillo; José Efraín Del Valle Carrasquillo; Kiomarie Del Valle Mojica; Lisa Michelle Del Valle Mojica; Iris Delia Del Valle Velázquez; Luz Elba Del Valle Velázquez; Lydia Esther Del Valle Velázquez; José Antonio Rodríguez Del Valle; Luz Mercedes Rodríguez Del Valle y Nilda Luz Rodríguez Del Valle. Apéndice de la *Petición de Certiorari*, págs. 124– 129.

[3] Este dictamen fue notificado y archivado en autos el 14 de diciembre de 2022. Apéndice de la *Petición de Certiorari*, págs. 176– 188.

expediente de dominio por falta de inmatriculación (*Petición*) presentada el 9 de agosto de 2021 por **DEL VALLE MUJICA** y **OTROS**.

Exponemos el trasfondo fáctico y procesal que acompaña a la presente controversia.

- I -

El 9 de agosto de 2021, **DEL VALLE MUJICA** y **OTROS** entablaron una *Petición* juramentada sobre expediente de dominio por falta de inmatriculación.[4] En su petitorio, **DEL VALLE MUJICA** y **OTROS** manifestaron que, para el 10 de agosto de 1934, los señores HIPÓLITO DEL VALLE VELÁZQUEZ y JUSTINA MUJICA SANTAELLA adquirieron mediante *Escritura de Compra-venta de Finca Rústica,* suscrita ante el notario Eduardo H. F. Dottin, una parcela de dos (2) cuerdas ubicada en el municipio de Loíza, Puerto Rico.[5] **DEL VALLE MUJICA** y **OTROS** alegaron que el inmueble tiene un valor de $20,000.00 y un número de catastro en el Centro de Recaudación de Ingresos Municipales (CRIM).[6] Además, expusieron que los dueños anteriores eran los señores Carmelo Mojica y Bárbara Velázquez, casados entre sí. Adujeron ser dueños por herencia de los dos (2) predios, pues ambos forman parte de una finca agrupada. Puntualizaron que existe un plano certificado por el agrimensor Víctor Figueroa Flecha acreditando que las fincas en controversia están agrupadas.

Así las cosas, el 17 de agosto de 2021, se dictó una *Orden* en la cual se les concedió a **DEL VALLE MUJICA** y **OTROS** un término de treinta (30) días para acreditar la notificación de la *Petición* y el plano de mensura a: (1) los dueños anteriores; (2) los dueños de las fincas colindantes; (3) Fiscal de Distrito; (4) Autoridad de Energía Eléctrica (AEE); (5) Autoridad de Acueductos y Alcantarillados (AAA); (6) Autoridad de Tierras de Puerto Rico (ATPR); (7) Departamento de Recursos Naturales y Ambientales (DRNA); (8)

---

[4] Apéndice de la *Petición de Certiorari*, págs. 1– 58.
[5] *Íd.,* 14- 23.
[6] Según surge del expediente, el número de catastro es el 146-006-300-01.

municipio de Loíza; y (9) LUMA Energy (LUMA), so pena de desestimar la reclamación.

Examinada la *Petición*, el 18 de agosto de 2021, se dictaminó *Orden de Citación Personal y por Edicto*.[7] En dicha *Orden*, se requirió la citación personal de la señora Carmen Iris Mujica, persona que residía en la finca objeto del procedimiento, y a quien se le reconoció un derecho real en representación del fallecido señor Juan Mujica. Asimismo, se impuso la citación por edictos de los dueños anteriores de la finca en cuestión: los señores Carmelo Mojica y Bárbara Velázquez; los señores Fernando Mojica y Bárbara Rivera; y los señores Ceferino Castro y Locadia Carrasquillo. Se precisó que el edicto debía contener la descripción original de la finca y de la finca nueva; así como, la publicación del edicto debía ser en un rotativo de circulación general tres (3) veces y durante un término de veinte (20) días.

Algunas semanas después, el 2 de septiembre de 2021, el **Ministerio Público** presentó su *Dictamen Fiscal*.[8] En síntesis, pormenorizó que **Del Valle Mujica** y **Otros** contaban con méritos suficientes para un dictamen favorable. Sin embargo, debían cumplir con todos los requisitos de ley, particularmente y aun desconociendo su paradero actual, notificar debida y oportunamente, a la última dirección conocida, a todos los colindantes y a todas las partes que pudieran tener algún interés en el procedimiento. De igual manera, afirmó que no se oponía a la *Petición*.

El 15 de septiembre de 2021, **Del Valle Mujica** y **Otros** presentaron una *Moción en Cumplimiento de Orden*.[9] En esencia, informaron haber cumplido con las notificaciones requeridas y acompañaron copia de todos los recibos de correo certificado (Certified Mail Receipt).

---

[7] Apéndice de la *Petición de Certiorari*, págs. 59- 61.
[8] *Íd.*, págs. 62– 65.
[9] *Íd.*, págs. 64– 72. La notificación incluyó a los colindantes; las agencias y dependencias del Gobierno de Puerto Rico; y municipios. Cabe destacar, que en cuanto a la notificación de los dueños anteriores, el 18 de agosto de 2021, mediante *Orden* se les relevó de citar personalmente a los dueños o sus herederos y permitió dirigir copia de la petición por correo certificado con acuse de recibo a la última dirección conocida.

El 20 de septiembre de 2021, la AAA presentó *Moción Expresando Posición y Solicitud para que se Exima a la Autoridad de Futuras Comparecencias*.[10] Expresó no tener objeción a que se continuara con el procedimiento, toda vez que, la finca no colinda con propiedad perteneciente a la AAA; en el predio no existen estructuras o discurren infraestructuras pertenecientes a la AAA; y pidió se le eximiera de futuras comparecencias. Como resultado, el 20 de septiembre de 2021, se dispuso *Orden* en la cual se excusó a la AAA del procedimiento y el cese de notificación.[11]

Más adelante, el 15 de octubre de 2021, DEL VALLE MUJICA y OTROS presentaron una *Moción Informativa y en Cumplimiento de Orden*.[12] En esta, revelaron que el 30 de septiembre de 2021, la señora Carmen Iris Mujica Jiménez, quien ocupa la finca en cuestión, fue debidamente citada y notificada mediante diligenciamiento personal.

El 20 de octubre de 2021, LUMA presentó una *Moción Informativa en Oposición al Dominio* en la cual consignó que después de realizar una investigación en el catastro de la AEE, surgía que, en la propiedad discurría una línea de distribución primaria con tensores con una servidumbre adquirida de diez (10) pies a cada lado de su eje central.[13] Ante ello, LUMA como administrador y operado del sistema de transmisión y distribución, indicó que hasta tanto no se corrigiera la situación de invasión que surgía del plano del agrimensor Figueroa Flecha estaba obligado a oponerse al dominio propuesto.

Después, el 28 de octubre de 2021, la ATPR presentó una *Moción Informativa y de Exclusión* enunciando que no tenía derechos o intereses afectados ni objetaba o se oponía a la inscripción de dominio.[14]

---

[10] Apéndice de la *Petición de Certiorari*, pág. 72.
[11] *Íd*, pág. 73.
[12] *Íd*, págs. 74- 80. Junto a la moción, DEL VALLE MUJICA y OTROS adjuntaron la citación personal debidamente diligenciada y la publicación del periódico El Nuevo Día de los días 31 de agosto, 7 y 14 de septiembre de 2021.
[13] Apéndice de la *Petición de Certiorari*, págs. 82– 83.
[14] *Íd*, págs. 85- 87.

El 8 de noviembre de 2021, **DEL VALLE MUJICA** y **OTROS** presentaron su *Moción en Cumplimiento de Orden y Solicitud de Término Adicional*.[15] Específicamente, explicaron que estaban conscientes de que las servidumbres de energía eléctrica tienen que mantenerse libres de estructuras y edificios; y efectuado las segregaciones de la finca, sería corregida mediante la relocalización de la línea eléctrica a su costo. Por ello, solicitaron un término adicional de veinte (20) días para que LUMA y la AEE evaluaran su propuesta. El 9 de noviembre de 2021, se decretó *Orden* concediendo el término adicional.[16]

Poco después, el 23 de noviembre de 2021, el Departamento de Recursos Naturales y Ambientales (DRNA) presentó su *Moción Solicitando Exclusión* en la cual, por el predio no colindar con terrenos que le pertenecieran o estuviesen bajo su administración, no tuvo objeción y suplicó que lo exculparan de los procedimientos.[17] El 30 de noviembre de 2021, se decidió *Orden* excluyendo al DRNA de ulteriores procedimientos.[18]

Consecuentemente, el 9 de diciembre de 2021, LUMA presentó su *Moción en Cumplimiento de Orden*.[19] En esta ocasión, aseveró que **DEL VALLE MUJICA** y **OTROS** se comprometieron a costear la relocalización de la línea eléctrica primaria que discurría sobre la propiedad, que consistía en relocalizar tres (3) postes, y haberles remitido por correo electrónico el estimado WR 5975949. En adición, planteó no oponerse "al expediente de dominio, siempre y cuando se inscriba la servidumbre de paso en favor de la Autoridad de Energía Eléctrica, operada y administrada por LUMA y se relocalicen las líneas eléctricas". En la misma fecha, **DEL VALLE MUJICA** y **OTROS** presentaron una *Moción en Cumplimiento de Orden* en la cual se comprometieron a relocalizar la línea eléctrica y no se opusieron a la inscripción en el Registro de la Propiedad de la servidumbre de distribución

---

[15] Apéndice de la *Petición de Certiorari,* págs. 88– 89.
[16] *Íd.*, pág. 90.
[17] *Íd.*, págs. 91– 92.
[18] Apéndice de la *Petición de Certiorari*, pág. 93.
[19] *Íd.*, págs. 94– 97.

de energía eléctrica.[20] Por consiguiente, el 13 de diciembre de 2021, se prescribió la siguiente *Orden:* "[l]a obligación de describir y la eventual inscripción [de] la servidumbre de paso en favor de la Autoridad de Energía Eléctrica, conforme lo exige la ley, le corresponde a la parte peticionaria".[21]

Posteriormente, el 9 de junio de 2022, se celebró una audiencia.[22] Surge de la *Minuta* que, debido a problemas técnicos, el agrimensor Víctor Figueroa no pudo acceder a la conexión, por lo que, se recalendarizó para el 8 de septiembre de 2022.

El 7 de septiembre de 2022, LUMA presentó *Moción Informativa y Solicitud de Exclusión* reseñando que **DEL VALLE MUJICA** y **OTROS** enmendó el *Plano de Mensura* y la *Certificación de Mensura* reconociendo la servidumbre conforme a lo pactado, e imploró ser excluido de los procedimientos.[23]

Al otro día, se expidió *Orden* en la cual se eximió a la AEE de continuar en los procedimientos.[24] Ese día, se celebró el juicio en su fondo, en el cual se desfiló la prueba testifical; se marcó la prueba documental y se admitió como evidencia.[25] El **MINISTERIO PÚBLICO** presentó objeción en cuanto a la descripción de cómo estaba la finca en la actualidad. Por ello, se le concedió a **DEL VALLE MUJICA** y **OTROS** un término de diez (10) días para presentar una certificación enmendada sobre el *Plano de Segregación*. Escuchados los testimonios y en espera del documento enmendado, se dio por finalizado los procedimientos y quedó el caso sometido.

El 15 de septiembre de 2022, **DEL VALLE MUJICA** y **OTROS** presentaron una *Moción Informativa y en Cumplimiento de Orden* anejando el *Plano de Mensura* y la *Certificación de Mensura Enmendada* que incluían las medidas y la descripción de la servidumbre de línea eléctrica que discurría por la propiedad.[26] En ese momento, se concretó *Orden* concediendo al **MINISTERIO**

---

[20] Apéndice de la *Petición de Certiorari,* págs. 98– 99.
[21] *Íd.*, pág. 100.
[22] *Íd.*, pág. 102.
[23] Apéndice de la *Petición de Certiorari,* pág. 167.
[24] *Íd.*, pág. 168.
[25] *Íd.*, págs. 169- 170.
[26] Apéndice de la *Petición de Certiorari,* págs. 171– 173.

**PÚBLICO** un plazo de quince (15) días para expresarse.[27] Empero, el término transcurrió sin que el **MINISTERIO PÚBLICO** compareciera a exponer su posición.

Finalmente, el 12 de diciembre de 2022, se prorrumpió la *Resolución Final* recurrida, mediante la cual se determinó que: (1) los anteriores dueños de las propiedades objeto del presente caso no fueron debidamente citados conforme al caso *Ex Parte Rosario Andino;* (2) de la *Certificación de Mensura* preparada por el señor Víctor Figueroa Flecha, agrimensor, no surge la forma y manera en que se citó a los colindantes al amparo del Artículo 197 de la Ley Núm. 210 de 8 de diciembre de 2015, según enmendada, conocida como *Ley del Registro de la Propiedad Inmobiliaria del Estado Libre Asociado de Puerto Rico*; (3) ni en la *Petición* ni la *Certificación de Mensura* se describieron las servidumbres y/o cargas que gravan la propiedad; y (4) no se presentó prueba creíble sobre el valor de la propiedad agrupada ni un tasador debidamente cualificado para emitir opiniones periciales sobre el valor de la propiedad agrupada, conforme a la Regla 703 de las de Evidencia.[28]

Inconformes con esa determinación, el 27 de diciembre de 2022, **DEL VALLE MUJICA** y **OTROS** presentaron una *Moción de Reconsideración* a la cual adjuntaron los siguientes documentos: (1) *Certificación de Mensura Enmendada*; (2) *Appraisal of Real Property*; y (3) *Curriculum Vitae* del señor Milton Flores.[29] El 13 de enero de 2023, se decidió *Orden* declarando no ha lugar la petitoria de reconsideración.[30]

Aun en desacuerdo, **DEL VALLE MUJICA** y **OTROS** recurren ante este foro revisor señalando el(los) siguiente(s) error(es):

> Erró el TPI al resolver que Don Carmelo Mojica, Doña Bárbara Velázquez, Fernando Mojica, Doña Bárbara Rivera, Ceferino Castro y Leocadia Carrasquillo como anteriores dueños, no fueron citados conforme al caso *Ex parte Rosario*, 75 DPR 698 (1953), a pesar de que fueron citados por edictos debidamente publicados de conformidad y en cumplimiento con el Art. 185 de la Ley Núm. 210-2015 y su jurisprudencia interpretativa, y a

---

[27] *Íd.*, pág. 175.
[28] 75 DPR 698 (1953).
[29] Apéndice de la *Petición de Certiorari*, págs. 189– 198.
[30] *Íd.*, pág. 223.

tenor con los requisitos exigidos por el Ministerio Público en su Informe Fiscal. Por lo cual, actuó en violación al debido proceso de ley, en su vertiente procesal, al emitir órdenes para la publicación de los edictos sin ofrecer una adecuada notificación a los peticionarios de los requerimientos exigidos por el tribunal y de las consecuencias de su incumplimiento.

Erró el TPI al resolver que en la Certificación de Mensura emitida por el agrimensor Víctor Figueroa Flecha, no surge la forma y manera en que se citó a los colindantes como exige el Art. 197 de la *Ley del Registro* de la Propiedad Inmobiliaria, a pesar de que dicho Artículo no aplica al procedimiento de expediente de dominio de autos; dicho asunto no fue objeto de controversia; y los peticionarios presentamos una Certificación de Mensura enmendada, en la cual el agrimensor acredita, bajo juramento, la forma y manera en que los colindantes fueron citados.

Erró el TPI y abusó crasamente de su discreción al resolver que no se describieron las servidumbres y/o cargas que gravan la propiedad, a pesar de que se sostuvo bajo juramento en la petición que la propiedad está libre de cargas y gravámenes. Asimismo, respecto a la línea aérea, LUMA, quien es el perito sobre el asunto, presentó su "no objeción" al expediente de dominio y estuvo de acuerdo con el Plano de Mensura y la Certificación de Mensura presentados por los aquí peticionarios.

Erró el TPI y actuó en violación al debido proceso de ley, en su vertiente procesal, al resolver que no se presentó prueba creíble sobre el valor de la propiedad debidamente agrupada ni un tasador debidamente cualificado para emitir opiniones periciales sobre el valor de la propiedad agrupada bajo la Regla 703 de Evidencia, a pesar de que el Ministerio Público nunca objetó el valor de la propiedad ni requirió una tasación del inmueble; el Art. 185 de la *Ley del Registro de la Propiedad Inmobiliaria*, que regula este proceso, no lo exige; y las reglas de evidencia no obligan en casos *Ex parte*, por lo que la presentación de evidencia pericial no es compulsoria. Además, existen resoluciones divergentes donde el mismo foro recurrido ha declarado "Ha lugar" peticiones de expediente de dominio con valores estimados y sin requerir prueba pericial.

El 22 de febrero de 2023, intimamos *Resolución* concediendo término de diez (10) días al **Ministerio Público,** por conducto de la **Oficina del Procurador General de Puerto Rico,** para que mostrara causa por la cual no debíamos expedir el auto de *certiorari* y revocar el dictamen impugnado. Luego de una prórroga, el 15 de marzo de 2023, el **Ministerio Público,** por conducto de la **Oficina del Procurador General de Puerto Rico,** presentó su *Escrito en Cumplimiento de Orden*. Adujo que la *Petición* y la evidencia desfilada cumplían con todos los criterios de la Ley Núm. 210- 2015.

Evaluado concienzudamente el expediente del caso y contando con el beneficio de la comparecencia de ambas partes, nos encontramos en posición de adjudicar. Puntualizamos las normas de derecho pertinentes a la(s) controversia(s) planteada(s).

- II -

- A – *Certiorari*

El auto de *certiorari* es un vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda revisar discrecionalmente las órdenes o resoluciones interlocutorias decretadas por una corte de inferior instancia judicial.[31] Por ello, la determinación de expedir o denegar este tipo de recurso se encuentra enmarcada dentro de la discreción judicial.[32]

De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera".[33] Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho".[34]

Por otro lado, el examen de los [recursos] discrecionales no se da en el vacío o en ausencia de otros parámetros.[35] Para ello, la Regla 40 de nuestro Reglamento instituye los indicadores a considerar al evaluar si se debe o no expedir un recurso de *certiorari*. A saber:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho;

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema;

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia;

(D) Si el asunto planteado exige una consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados;

---

[31] *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 403 (2021).

[32] *Íd.*

[33] *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016).

[34] *Íd.*

[35] *Íd.*

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración;

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio; y

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[36]

Es preciso aclarar, que la anterior no constituye una lista exhaustiva, y ninguno de estos criterios es determinante, por sí solo, para justificar el ejercicio de nuestra jurisdicción.[37] En otras palabras, los anteriores criterios nos sirven de guía para poder determinar de la forma más sabia y prudente si se justifica nuestra intervención en la etapa del procedimiento en que se encuentra el caso.[38] Ello, pues distinto al recurso de apelación, este Tribunal posee discreción para expedir el auto de *certiorari*.[39] La delimitación que imponen estas disposiciones reglamentarias tiene "como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación."[40]

Finalmente, este Tribunal solo intervendrá con las determinaciones interlocutorias discrecionales procesales del tribunal sentenciador cuando este último haya incurrido en un craso abuso de discreción.[41] Esto es, "que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial".[42]

### - B - *Inmatriculación y Expediente de Dominio*

La *inmatriculación* es el ingreso de una finca en el Registro de la Propiedad. El *expediente de dominio* es un procedimiento especial provisto por la *Ley del Registro de la Propiedad Inmobiliaria de Puerto Rico del Estado*

---

[36] 4 LPRA Ap. XXII-B, R. 40; *Torres González v. Zaragoza Meléndez, supra*; *Rivera Figueroa v. Joe´s European Shop*, 183 DPR 580 (2011).

[37] *García v. Padró*, 165 DPR 324, 335 esc. 15 (2005).

[38] *Mun. Caguas v. JRO Construction, Inc.*, 201 DPR 703, 712 (2019).

[39] *Feliberty v. Soc. de Gananciales*, 147 DPR 834, 837 (1999).

[40] *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 486– 487 (2019); *Mun. Caguas v. JRO Construction Inc., supra*.

[41] *García v. Asociación*, 165 DPR 311, 322 (2005).

[42] *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

*Libre Asociado de Puerto Rico* (*Ley de Registro*) que permite la inmatriculación de una finca cuando su propietario carece de título de dominio inscribible.[43]

El Artículo 185 de la Ley Núm. 210 de 2015 instituye los requisitos del procedimiento.[44] Este se inicia con la presentación de un escrito jurado ante la sala del Tribunal de Primera Instancia correspondiente al lugar en que esta sito el inmueble. El documento deberá incluir los datos y alegaciones que se enumeran en el precitado Artículo 185.[45] En lo pertinente al presente caso, el estatuto dispone lo siguiente:

> Todo propietario que carezca de título inscribible de dominio, podrá inscribirlo si cumple con los siguientes requisitos:
> 1. Presentará un escrito jurado en la sala del Tribunal de Primera Instancia correspondiente al lugar en que radiquen los bienes, o en la de aquél en que radique la porción de mayor cabida cuando se trate de una finca que radique en varias demarcaciones territoriales. Si se presenta el escrito ante una sala sin competencia, el tribunal de oficio, lo trasladará a la sala correspondiente. El escrito contendrá las siguientes alegaciones:
>     a. Nombre y circunstancias personales del promovente y de su cónyuge, si lo tuviera, al momento de adquirir la propiedad y al momento de hacer la solicitud, si hubiera alguna diferencia.
>     b. La descripción exacta de la propiedad con sus colindancias y cabida de acuerdo a los títulos presentados. De haberse practicado alguna mensura, deberá contener la cabida y colindancias que hayan resultado de la misma. Si la finca se formó por agrupación, deberán, además, describirse individualmente las fincas que la integraron, y si fue por segregación se describirá la finca principal de la cual se separó.
>     c. Número de Catastro según aparece en el Centro de Recaudación de Ingresos Municipales.
>     d. Expresión de que la finca, así como las fincas constituyentes en caso de tratarse de una agrupación, o la finca de la que proviene si se trata de una segregación, no constan inscritas en el Registro de la Propiedad.
>     e. Una relación de las cargas que gravan la finca por sí o por su procedencia. En caso de no existir cargas, se expresará que está libre de cargas.
>     f. Una relación de los anteriores dueños conocidos con expresión de las circunstancias personales del inmediato anterior dueño.
>     g. El modo en que adquirió del inmediato anterior dueño.

---

[43] Ley Núm. 210 de 8 de diciembre de 2015, según enmendada, 30 LPRA § 6001- 6561.
[44] 30 LPRA § 6291.
[45] 30 LPRA § 6283.

    h. El tiempo que el promovente y los dueños anteriores han poseído la propiedad de manera pública, pacífica, continua y a título de dueños.

    i. El hecho de que la finca, o en caso de agrupación, las que la componen, mantuvieron la misma cabida y configuración durante los términos que disponen los Artículos 1857 y 1859 del Código Civil de Puerto Rico para que operen los efectos de la prescripción adquisitiva. Si la finca resulta ser una segregación de una finca de mayor cabida que consta inscrita, la segregación tiene que haber sido aprobada por la agencia gubernamental correspondiente mediante plano de inscripción. No constituirá justo título a los efectos de este Artículo, un título de dominio sobre una porción proindivisa en una finca no segregada, ni el título que recae sobre una finca segregada de una finca inscrita en el registro.

    j. El valor actual de la finca.

    k. Las pruebas legales que dispone presentar.

    l. Las demás alegaciones que en derecho procedan en cada caso.

2. El promovente notificará personalmente o por correo certificado con copia de su escrito a los siguientes:

    a. Alcalde del municipio en que radiquen los bienes.

    b. Secretario de Transportación y Obras Públicas.

    c. Fiscal de Distrito.

    d. Las personas que están en la posesión de las fincas colindantes.

El tribunal ordenará la citación personal de los siguientes:

    a. El inmediato anterior dueño o sus herederos si fueren conocidos en caso de no constar en escritura pública la transmisión. Se entenderá como inmediato anterior dueño, en el caso de que los promoventes sean herederos, aquel de quien el causante adquirió la propiedad.

    b. Los que tengan cualquier derecho real sobre la finca objeto del procedimiento.

El tribunal ordenará la citación mediante edicto de los siguientes:

    a. Las personas ignoradas o desconocidas a quienes pueda perjudicar la inscripción solicitada.

    b. Los que están ausentes, pero de no estarlo debían ser citados en persona y cuyo paradero se desconoce al tiempo de hacerse la primera publicación del edicto se les enviará copia de la citación por correo certificado y con acuse de recibo, a su última dirección conocida. Si se ignora su paradero y así queda probado, se les citará exclusivamente mediante el referido edicto.

3. Forma, plazo y contenido del edicto.

El edicto se publicará en tres (3) ocasiones dentro del término de veinte (20) días en un periódico de circulación general diaria en Puerto Rico, a fin de que comparezcan si quieren alegar su derecho.

Deberá contener la descripción de la finca que será objeto de inmatriculación y de tratarse de una finca agrupada, las descripciones de las fincas que la comprenden.

En el plazo improrrogable de veinte (20) días a contar de la fecha de la última publicación del edicto, los interesados y/o las partes citadas, o en su defecto los organismos públicos afectados, podrán comparecer ante el tribunal, a fin de alegar lo que en derecho proceda.

4. La intervención del Secretario de Transportación y Obras Públicas, o en su defecto, de los organismos públicos afectados, se limitará a mantener la defensa de cualesquiera derechos existentes a favor del Estado. La intervención del alcalde del municipio en que radiquen los bienes se limitará a mantener la defensa de cualesquiera derechos existentes a favor del municipio que se trate. El Ministerio Fiscal velará, además, por el debido cumplimiento de la ley.

5. Previo al señalamiento de vista en su fondo, el promovente unirá al expediente judicial una certificación negativa acreditativa de que la finca objeto del procedimiento, no aparece inscrita a nombre de persona distinta al promovente.

    La fecha de la referida certificación negativa no deberá ser anterior a diez (10) días previos a la presentación de la solicitud de Expediente de Dominio.

    Cuando el Registrador no pueda concluir con certeza que la finca o parte de ésta no consta inscrita, denegará la Certificación Registral y así lo hará constar al Tribunal.

Precisamente, el *expediente de dominio* se trata de un trámite judicial *ex parte* en el cual no se declaran derechos, sino que únicamente se declara justificado el dominio del promovente de manera que este pueda solicitar la inmatriculación de la finca en el Registro de la Propiedad.[46] Por ende, "[l]a resolución aprobatoria de un expediente de dominio no constituye cosa juzgada, y no impide un ataque posterior a la resolución por quienes no hayan litigado".[47]

Incluso, surge expresamente del Artículo 186 de la Ley Núm. 210- 2015 el cual prescribe que "[c]uando el expediente de dominio tenga por objeto hacer constar en el Registro la mayor cabida de una finca inmatriculada, se acreditará, mediante certificación registral al efecto, la descripción registral de la finca y que consta inscrita a favor del promovente".[48]

Apuntamos que el procedimiento de *expediente de dominio* es esencial y de cumplimiento estricto que goza de alto interés público.[49] Del mismo modo, el *expediente de dominio* no persigue la acreditación de quien es propietario de ella, sino simplemente de quien adquirió el dominio de la propiedad.[50]

---

[46] Luis Rafael Rivera Rivera, *Derecho Registral Inmobiliario Puertorriqueño*, 3ra ed., San Juan, Jurídica Editores, 2012, pág. 338.

[47] *Rodríguez Figueroa v. Registrador*, 75 DPR 712, 732 (1953).

[48] 30 LPRA § 6292.

[49] *Nieves Osorio, Ex Parte*, 127 DPR 907, 909 (1991); *Ex Parte Rosario*, 75 DPR 698 (1953).

[50] L. Diez Picazo & A. Gullón, *Sistema de Derecho Civil*, 7ma., ed., Madrid, Ed. Tecnos, 2001, Vol. III, pág. 244.

## - III -

En el caso de autos, DEL VALLE MUJICA y OTROS señalaron que el tribunal de instancia erró al resolver que los anteriores dueños no fueron citados conforme a lo resuelto en *Ex Parte Rosario, supra.*

Tanto DEL VALLE MUJICA y OTROS así como el MINISTERIO PÚBLICO, por conducto de la OFICINA DEL PROCURADOR GENERAL DE PUERTO RICO, reconocen que en la *Petición* se especifica que: (1) las dos (2) fincas objeto del procedimiento fueron adquiridas mediante escritura pública; (2) de conformidad con el Artículo 185 de la *Ley del Registro de la Propiedad Inmobiliaria de Puerto Rico del Estado Libre Asociado de Puerto Rico, supra,* se requería la citación personal de los inmediatos anteriores dueños, si la transmisión de la propiedad no fuere por escritura pública; (3) en este caso en particular, la transmisión de la propiedad, al ser mediante escritura pública, tornaba innecesaria la citación personal y procedía la citación por edicto.

Más aun, la *Orden de Citación Personal y por Edicto* tramitada el 18 de agosto de 2021 apresta lo siguiente:[51]

> [...]
> También **serán citados por edicto los inmediatos anteriores dueños**: CARMELO MOJICA MOJICA, por sí y como integrante de la Sucesión de Juan Mojica, y en representación de la Sociedad Legal de Bienes Gananciales que compone CON SU ESPOSA, BÁRBARA VELÁZQUEZ, por sí y en representación de la Sociedad Legal de Bienes Gananciales que compone con su esposo; FERNANDO MOJICA MOJICA, por si y como integrante de la Sucesión de Juan Mojica, y en representación de la Sociedad Legal de Bienes Gananciales que compone CON SU ESPOSA, BÁRBARA RIVERA, por si y en representación de la Sociedad Legal de Bienes Gananciales que compone con su esposo; CEFERINO CASTRO, por si y en representación de la Sociedad Legal de Bienes Gananciales que compone CON SU ESPOSA, LOCADIA CARRASQUILLO, por si y en representación de la Sociedad Legal de Bienes Gananciales que compone con su esposo; las personas ignoradas o desconocidas JOHN DOE, JANE DOE y RICHARD ROE, a quienes puedan perjudicarles la inscripción; y A CUALESQUIERA OTRAS PERSONAS AUSENTES FULANO DE TAL, FULANA DE CUAL Y FULANO DE TAL, cuyo paradero es desconocido.
> [...]
> Se dispone, además, que **la parte peticionaria queda relevada de citar personalmente a los inmediatos dueños o sus**

---

[51] Apéndice de la *Petición de Certiorari*, págs. 59– 61.

**herederos conocidos, <u>por contar en escrituras pública[s] la transmisión y desconocerse su paradero,</u>** y de dirigir copia de la citación, por correo certificado con acuse de recibo, a la última dirección conocida de los inmediatos anteriores dueños y de las personas ausentes, pero que de no estarlo debían ser citadas personalmente, por igualmente ignorarse su paradero. (Énfasis nuestro).

Incluso, **DEL VALLE MUJICA** y **OTROS** presentaron una *Moción en Cumplimiento de Orden* acompañada de copia de los recibos de correo certificado (Certified Mail Receipt) acreditando la notificación de la *Petición* a los colindantes de las fincas, agencias y dependencias del Gobierno.[52] De igual forma, **DEL VALLE MUJICA** y **OTROS** presentaron la *Citación* diligenciada personalmente a la señora Carmen I. Mujica Jiménez y el *Afidávit* del representante del periódico *El Nuevo Día* acreditando la publicación del edicto los días 31 de agosto, 7 y 14 de septiembre de 2021.[53] Conforme a todo lo anterior, discernimos que **DEL VALLE MUJICA** y **OTROS** comprobaron el cabal cumplimiento con la debida y oportuna citación de las partes conforme lo requerido por la ley y su jurisprudencia interpretativa.

En su segundo señalamiento, **DEL VALLE MUJICA** y **OTROS** alegan que el foro primario incidió al concluir que la *Certificación de Mensura* presentada por el señor Víctor Figueroa Flecha, agrimensor, no contiene la forma y manera en que se citó a los colindantes, según lo exige el Artículo 197 de la *Ley del Registro de la Propiedad Inmobiliaria de Puerto Rico del Estado Libre Asociado de Puerto Rico*. Argumentan que, dado que las fincas agrupadas objeto de la *Petición* no están inscritas en el Registro de la Propiedad, es inaplicable el Subtítulo C de la *Ley del Registro de la Propiedad Inmobiliaria de Puerto Rico del Estado Libre Asociado de Puerto Rico*, por lo que no debían cumplir con especificar los nombres de los colindantes en la referida *Certificación de Mensura*. Les asiste la razón.

El Artículo 196 de la *Ley del Registro de la Propiedad Inmobiliaria de Puerto Rico del Estado Libre Asociado de Puerto Rico*, bajo el Subtítulo C –

---

[52] *Íd.*, págs. 66– 71.
[53] Apéndice de la *Petición de Certiorari*, págs. 79– 80.

*Rectificación de Cabida*, preceptúa que en la certificación de mensura se harán constar los nombres y modo de citación de los propietarios colindantes. Entendemos que el articulado no le es aplicable a la controversia ante nuestra consideración. Ello, toda vez que el requisito indispensable de llevar a cabo una mensura se requiere en un proceso de *Rectificación de Cabida*, y no es una formalidad del procedimiento de *Expediente de Dominio*. En este caso, se trata de una *Petición* precisamente para inmatricular las fincas agrupadas pertenecientes a DEL VALLE MUJICA y OTROS, que no constan inscritas en el Registro de la Propiedad. Por lo tanto, la determinación de requerirle a DEL VALLE MUJICA y OTROS cumplir con dicho apartado que no es aplicable para un procedimiento de *expediente de dominio*, es errada.

En su tercer señalamiento, DEL VALLE MUJICA y OTROS razonan que incidió el tribunal *a quo* en su *Resolución Final* al razonar que de la *Petición* ni de la *Certificación de Mensura* surge que se haya descrito las servidumbres y/o cargas que gravan la propiedad.

En específico, exponen que el 20 de octubre de 2021, LUMA, como operador y administrador de la AEE, intervino y advirtió que en la propiedad discurría una línea de distribución primaria con tensores. DEL VALLE MUJICA y OTROS y LUMA llegaron a un acuerdo sobre la relocalización de la línea eléctrica primaria que discurría sobre la propiedad y su desembolso finiquitando así, la controversia. En virtud de lo anterior, LUMA expresó no tener objeción y solicitó se excluyera del procedimiento.

DEL VALLE MUJICA y OTROS presentaron la *Certificación de Mensura Enmendada*. Como cuestión de hecho, el referido documento expresa la descripción y cabida de ambas parcelas segregadas. Textualmente propone:

> (...) Afecta, por su procedencia, a línea eléctrica área de distribución primaria 2401– 01, ocho punto tre[i]nta dos kilovoltio (8.32Kv) con tensores con una servidumbre adquirida de diez (10) pies, cinco (5) pies a cada lado de su eje central, a favor de la Autoridad de Energía Eléctrica, operada y administrada por LUMA Energy ServCo, LLC, la cual discurre **ESTE a OESTE**, y posee una longitud de ciento ochenta y ocho

punto cincuenta (188.50) metros lineales y un ancho de servidumbre de paso de tres punto cero cinco (3.05) metros lineales, según se muestra en la revisión efectuada al plano de mensura el 9 de septiembre de 2022.[54]

Debido a lo expuesto, es evidente que las servidumbres y/o cargas que gravan la propiedad: línea de distribución primaria con tensores aparece en la *Certificación de Mensura Enmendada.* Por lo tanto, desacertó el foro recurrido al determinar que no se describieron las servidumbres y/o cargas que gravan la propiedad.

En su último señalamiento, **DEL VALLE MUJICA** y **OTROS** reiteraron que erró el foro recurrido al resolver que no se presentó prueba creíble sobre el valor de la propiedad debidamente agrupada ni un tasador debidamente cualificado para emitir opiniones periciales. Lo anterior, a pesar de que el **MINISTERIO PÚBLICO** nunca objetó el valor de la propiedad ni requirió una tasación del inmueble en controversia. Añadieron que la *Ley del Registro de la Propiedad Inmobiliaria de Puerto Rico del Estado Libre Asociado de Puerto Rico, supra,* no requiere presentar una tasación preparada por un tasador certificado para establecer el valor de la finca.

La *Resolución Final* recurrida manifiesta que **DEL VALLE MUJICA** y **OTROS** no presentaron prueba creíble sobre el valor de la propiedad debidamente agrupada, por lo que, no le concedió valor probatorio. Añadió que, no presentaron un tasador debidamente cualificado para que emitiera una opinión pericial sobre el valor de la propiedad. Al revisar la *Resolución Final* y al evaluar la totalidad del expediente denotamos que, se infirió que el testimonio del señor Figueroa Flecha, agrimensor, no estaba basado en hechos, o información suficiente, o confiable y no poseía las credenciales para proveer una opinión en el área de valoración de propiedad. Empero, **DEL VALLE MUJICA** y **OTROS** presentaron su *Moción de Reconsideración,* a la cual incorporaron un *Appraisal of Real Property* (Tasación de Bienes Inmuebles)

---

[54] Apéndice de la *Petición de Certiorari*, págs. 199- 200.

preparado por el señor Milton Flores, tasador.[55] En la mencionada tasación, se valoró la finca agrupada en $40,000; se incluyeron ciertas imágenes de la finca objeto de la *Petición;* e incorporaron el *Curriculum Vitae* del señor Milton Flores.[56]

Es imperativo puntear que el **Ministerio Público** en su *Dictamen Final* no se opuso a la *Petición*. Su posición fue favorable, sujeta a que se observaran todos los requisitos de ley.[57] De hecho, el propio **Ministerio Público,** por conducto de la **Oficina del Procurador General de Puerto Rico,** en su *Escrito en Cumplimiento de Orden* hizo hincapié en que no existió oposición de su parte e infirió que: "la petición de expediente de dominio presentada por la parte peticionaria, así como la prueba que obra en el expediente, cumple con todos los criterios establecidos en la Ley Núm. 210 de 2015".[58]

Colegimos que la tasación efectuada por el señor Milton Flores y presentada por **Del Valle Mujica** y **Otros** cumple cabalmente con el Artículo 185 (j) de la *Ley del Registro de la Propiedad Inmobiliaria del Estado Libre Asociado de Puerto Rico, supra,* toda vez que, establece un valor actual y representativo de la finca en cuestión.

Conforme a lo expuesto previamente, discernimos que **Del Valle Mujica** y **Otros** poseen una causa de acción meritoria y subsanaron todos o cualesquiera señalamientos. Por consiguiente, no hallamos razón alguna por

---

[55] Apéndice de la *Petición de Certiorari*, págs. 201– 213. Ahora bien, entendemos que es necesario distinguir entre el término **tasación** *vis a vis* **valoración** de un inmueble. La Ley Núm. 210- 2015, *supra*, en su artículo 185 (j) establece como requisito para la petición de expediente de dominio – el valor actual de la finca. 30 LPRA § 6291. El Reglamento Núm. 8777, conocido como el *Reglamento para Establecer Guías y Procedimientos en la Solicitud y Aprobación de Informes de Valoración de Bienes Raíces y Bienes Mueble a Valor de Mercado y Estudios de Renta Para Fines Públicos del Centro de Recaudación de Ingresos Municipales* (CRIM), define **valor** en el mercado como: "[el] precio de venta más probable expresado en términos de dinero, que un comprador estaría dispuesto a pagar por… un bien inmueble". Artículo VI (11). Por otro lado, nuestro Máximo Foro en *García Commercial, Inc., v. Secretario de Hacienda*, 80 DPR 765, 769 (1958), definió la palabra **tasación**. En específico, dictaminó: *"[n]ormalmente el término tasación significa la valoración de la propiedad"*. Íd., Cf. *Realty Corporation v. Tesorero*, 78 DPR 17 (1955); *Tesorero v. Trib. de Contribuciones y Corp. de Créditos*, 70 DPR 72 (1949) y *Rossi v. Trib. de Contribuciones*, 66 DPR425 (1946). Ante ello, es razonable concluir que al valorar una propiedad se está – tasando- su costo en el mercado según sus características.
[56] Apéndice de la *Petición de Certiorari*, págs. 214– 220.
[57] Apéndice de la *Petición de Certiorari*, pág. 63.
[58] *Escrito en Cumplimiento de Orden*, pág. 22.

la cual debamos negarnos a justificar el dominio sobre el inmueble que **DEL VALLE MUJICA** y **OTROS** pretenden inscribir– con derecho– en el Registro de la Propiedad. El récord muestra el cumplimiento con todos los requisitos implantados por el Artículo 185 de la *Ley del Registro de la Propiedad Inmobiliaria del Estado Libre Asociado de Puerto Rico, supra*.[59]

- IV -

Por los fundamentos antes expuestos, ***expedimos*** el auto de *Certiorari* a los fines de **revocar** la *Resolución Final* dictaminada el 12 de diciembre de 2022 por el Tribunal de Primera Instancia, Sala Superior de Carolina; ***declaramos*** ha lugar la *Petición* para inmatricular en una finca agrupada los dos (2) lotes de terrenos que fueron adquiridos por separados a favor de **DEL VALLE MUJICA** y **OTROS** y demás herederos de las sucesiones de **HIPÓLITO DEL VALLE VELÁZQUEZ** y **JUSTINA MUJICA SANTAELLA**; ***declaramos*** justificado el dominio de las sucesiones de **HIPÓLITO DEL VALLE VELÁZQUEZ** y **JUSTINA MUJICA SANTAELLA**; y se ***devuelve*** al Tribunal de Primera Instancia para que proceda de conformidad con lo aquí resuelto.

**Notifíquese inmediatamente**.

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Las juezas Cintrón Cintrón y Lebrón Nieves concurren con el resultado sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[59] 30 LPRA § 6001.